FLORIDA MOTOR LINES, INC., a Corporation, *Plaintiff in Error*, v. RALPH N. CASAD, by his next friend and father, B. F. CASAD, *Defendant in Error*.

Division A.

Opinion filed October 18, 1929.

Petition for rehearing denied November 26, 1929.

*Knight, Thompson & Turner* and *Chancey, Lester & Saunders,* for Plaintiff in Error;

*Roach & Hoyle,* for Defendant in Error.

BROWN, J.— Writ of error to judgment for plaintiff in action for damages for personal injuries.

The evidence showed that defendant's motor bus was traveling south on Andrews Avenue, a broad avenue some fifty or sixty feet wide, in Fort Lauderdale, at about eight

o'clock on a dark night. A storm had been predicted for that night. Some rain was falling, and some wind was blowing. Very few street lights were burning and the street was rather dark. At a point about three blocks south of the railroad crossing, a car was parked on the west side of the street, which was on the right of the driver of the bus, as he proceeded southward. Some man driving a Ford roadster evidently attempted to drive into a private driveway running west from the street at a point about where the south end of the parked car was. For some reason, presumably because the parked car partially obstructed his way, after the roadster had turned out from the street and was apparently entirely out of the way of southbound traffic, it was suddenly backed out into the street again, and directly in the path of the approaching bus. The driver of the bus saw the back end of the roadster emerging immediately in front of him from behind the parked car, and quickly put on brakes and swerved the big bus to the left, in an effort to avoid a collision with the roadster, the right end of the front bumper of the bus struck the roadster, spinning it around, and the bus continued its deflected course diagonally across the street to the left, and ran into plaintiff's car, demolishing it, and inflicting serious personal injuries upon the plaintiff. Plaintiff was driving his car northward at a very moderate rate of speed and on the extreme right hand side of the street when he was hit. It is not contended that plaintiff was guilty of contributory negligence.

The testimony for the defendant, including that of the driver of the bus, tends very strongly to show that the collision with the backing roadster had bent the right hand end of the front bumper of the bus back against the tire of the front wheel, so as to prevent the driver from turning the bus to the right, to avoid striking plaintiff's car,

and thus rendering his collision with plaintiff's automobile unavoidable. If this were true, the driver of the bus would have been free from negligence contributing to the causation of the collision with plaintiff's car unless he was traveling at a negligently rapid rate of speed when the roadster backed into his path, which rapid speed made is impossible for him to check the momentum of the bus after the collision with the roadster sufficiently to avoid running into plaintiff's car. Defendant's witnesses testified that as it proceeded southward along the avenue the bus was traveling at a moderate and careful rate, some twelve to fifteen miles per hour, whereas the plaintiff and two of his witnesses testified that it was going at the rate of thirty-five to forty miles per hour. If the bus was traveling at the latter rate, the jury might well have found that under the circumstances the bus was being driven at a rate of speed which constituted negligence, and that this negligence proximately contributed, under all the circumstances, to the collision with plaintiff's car, in that, in spite of the unexpected collision with the roadster and the disabling of the steering gear of the bus, the latter might have been checked by the brakes sufficiently to have allowed plaintiff's car to get by in safety.

It is contended that the testimony of plaintiff's witnesses as to the speed of the bus is not as convincing as that of the witnesses for the defendant, and while there is probably some ground for this contention, as the testimony appears before us in cold type, there was sufficient evidence, if believed by the jury, to sustain their finding in that respect, as well as the refusal of the trial judge to set it aside, and the credibility of such evidence was a question for the jury.

Charges 11 and 12 requested by the defendant, and refused by the court, was as follows:

"Charge No. 11. If you believe the evidence in this case, and if you further believe from the evidence that the defendant's bus was not moving in excess of a proper rate of speed prior to the collision with the automobile in which plaintiff was riding, and if you further believe from the evidence that the driver of defendant's bus was obliged to swerve said bus to his left in an attempt to avoid serious collision with an automobile which suddenly obstructed the path of said bus, along the westerly side of Andrews Avenue, and as a proximate consequence thereby colliding with the automobile in which the plaintiff was riding, then I charge you that you cannot return a verdict for the plaintiff.

"Charge No. 12. If you believe the evidence in this case, and if you further believe from the evidence that the sudden backing of an automobile in front of defendant's bus was the sole cause of the collision between said bus and the automobile in which plaintiff was riding, then I charge you that you must return a verdict for the defendant."

Charge 11 fails to hypothesize one pertinent element—that is, whether after swerving the bus to avoid collision with the other automobile, the driver of the bus need use due diligence, by proper application of the brakes for instance, to check or stop the bus before it struck plaintiff's car. There was some evidence from which the jury might reasonably have inferred that the driver failed to make proper use of his brakes, or that the brakes were defective. We refer to the testimony to the effect that after swerving and striking the roadster the bus continued on to the point where plaintiff's car was struck without any apparent slackening of its speed. We cannot say

therefore that the court was clearly in error in refusing this instruction.

The proposition embraced in requested charge No. 12, while no doubt correct, appears to have been substantially covered by the following portion of the court's general charge:

"If you find from the evidence in these two cases that the injury complained of was the result of an unavoidable accident, you must find for the defendant. An accident is that which happens without the fault of anyone, and without or beyond one's foresight or expectation. When both parties exercise ordinary care, an injury resulting to one of them is relatively to them the result of an accident. Or, if you find from the evidence that the sole proximate cause of the injuries complained of was the act of some third person you must find for the defendant."

After careful consideration of the above and the remaining assignments of error, we find no reversible error in the record, and the judgment will accordingly be affirmed.

Affirmed.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.