J. B. PORTER v. J. A. SMITH.

164 So. 280.
Opinion Filed November 4, 1935.
Rehearing Denied December 11, 1935.

E. W. & R. C. Davis and J. C. Adkins, Waller & Pepper, for Plaintiff in Error;

*Hampton, Jordan & Lazonby* and *Zach H. Douglas,* for Defendant in Error.

PER CURIAM.—The writ of error herein was taken to a judgment awarding damages for injuries and losses sustained in an automobile collision at a road intersection in the Town of Newberry, Alachua County, Florida. The plaintiff, having passed a stop sign, was driving his car going west at about perhaps ten miles per hour in crossing the intersection. There was a building at the northeast corner of the intersection which obscured the view of approaching cars from the north and from the east until within a short distance from the intersection. The defendant was driving south at perhaps about fifty miles per hour, his car striking the plaintiff's car at the right rear wheel when it was perhaps about a foot from the west side of the road, throwing plaintiff's car about fifty feet against a filling station pillar on the southwest corner of the road intersection. There is evidence that just before the collision the defendant turned his car to the left apparently in a delayed effort to pass behind the plaintiff's car, there being ample room for that; but there is ground for inference that defendant was negligent in driving at the stated speed and did not observe or did not heed the plaintiff's car as it was crossing the intersection at slow speed. Plaintiff's car was struck near the west side of the north and south road with abundant space for the defendant's car to pass behind plaintiff's car if defendant had been driving his car with appropriate care in approaching the crossing. Even if the plaintiff did not stop before entering the intersection, he was coming slowly, and if defendant had exercised reasonable care he would have reduced his speed and avoided the collision even if he had to turn to the left side of his road and pass behind plaintiff's car in the open space of the road intersection.

The evidence does not clearly show that the plaintiff was negligent in crossing the intersection; for it appears he was crossing at about ten miles an hour and had reached the west side of the crossing when his car was struck by the defendant's car coming rapidly from the north at a point where rapid driving was negligence. Besides this if the defendant had not been negligent he could have passed to the rear of plaintiff's car and avoided a collision, plaintiff having almost crossed the intersection at slow speed when his car was struck by defendant's car approaching at undue speed from the north with plaintiff's car crossing in full view. Even if the plaintiff failed to see the defendant's car coming from the north, the plaintiff had a right to cross, and did cross, at proper speed, and the low speed of plaintiff's car put it in sight of the defendant a sufficient length of time after entering the crossing to warn the defendant, approaching at undue speed, that he should slow down or turn to the left in the open intersection so as to pass behind the plaintiff's slow moving car, instead of colliding with it on the west side of the crossing. Negligence of the plaintiff that proximately contributed to the collision is not so clearly shown as to render the verdict contrary to the evidence and to law.

Even if there be technical errors in rulings on the pleadings and in charges given, it does not appear that they were harmful in view of all the evidence and the charges as a whole.

Liability of the defendant is shown, but on the whole record the amount awarded as damages is excessive even after the remittitur entered below of $2,500.00 on a $15,000.00 verdict. If a further amount of $2,500.00 is remitted, the judgment will be affirmed for the balance, otherwise the judgment will stand reversed for a new trial.

It is so ordered.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.