Dunn Bus Service, Inc., v. Oradelle McKinley, *et vir.*

178 So. 865.

Opinion Filed November 2, 1937.

*Chappell & Brown,* for Petitioner;
*W. H. Burwell,* for Respondents.

On Rehearing.

Brown, ·J.—The petitioner, Dunn Bus Service, Inc., a Florida corporation, filed its petition praying that this Court grant writ of certiorari to review and quash a judgment of the Circuit Court of the 11th Judicial Circuit in and for Dade County wherein and whereby said Circuit Court affirmed a judgment of the Civil Court of Record rendered in favor of Oradelle McKinley and her husband, L. T. McKinley, and against the petitioner, Dunn Bus Service, Inc. This petition for the issuance of the writ was accompanied by a copy of the record in the court below and a brief in support of the petition, pursuant to the prescribed rules of this Court. Upon consideration of the petition, record and briefs, filed in behalf of both petitioner and respondents, this Court denied the petition upon the authority of the case of Morris v. State, 110 Fla. 95, 148 So. 182. Thereupon a petition for rehearing was filed in this Court and a rehearing granted.

Upon further consideration of this case on rehearing, this Court sees no good reason for departing from its decision already made. The only question urged on rehearing which we think requires any discussion is that set forth in the second "question involved," which in substance is as follows:

Where plaintiff's declaration charges negligence in general terms, and the defendant pleads the general issue and

plaintiff's contributory negligence, and the plaintiff does not interpose any replication to the plea of contributory negligence setting up the defendant's "last clear chance" to avoid injuring the plaintiff, and where there is some evidence tending to prove defendant's plea of contributory negligence on the part of plaintiff, is it error on the part of the trial court to submit the case to the jury upon instructions which include a charge upon the doctrine of the last clear chance?

Pretermitting any discussion of the question as to whether or not such action on the part of the trial court would constitute at most a mere error and not such a departure from the fundamental requirements of the law as to justify the granting of writ of certiorari, we will, in view of the novelty and importance of the question, and the earnestness with which it has been urged upon us by petitioner, discuss it as briefly as may be.

This litigation grew out of a collision between an automobile being driven by Mrs. McKinley and a bus being driven by an employee of Dunn Bus Service, Inc., which collision occurred at a street intersection located in a residential section in the western part of the City of Miami; that is, at the intersection of N. W. 23rd Avenue and N. W. 1st Street. The declaration charged negligence in general terms, i. e., that defendant's employee, while acting within the scope of his employment, negligently and carelessly propelled said bus into, upon and against said automobile operated by plaintiff, Oradelle McKinley, inflicting upon her certain personal injuries, and that the negligence so charged was the proximate cause of said injuries. The second count in behalf of the co-plaintiff husband made similar charges and set up the damages which had been occasioned to him thereby.

The defendant interposed two pleas, the first being the plea of not guilty, or the general issue, and the second being a plea charging plaintiff, Oradelle McKinley, in géneral terms with contributory negligence in the operation of her automobile and that this negligence on her part proximately contributed to causing the injury and damage claimed by the plaintiffs. The plaintiffs filed joinder of issue upon defendant's pleas.

It will thus be seen that the declaration charged that defendant's negligence was the *proximate cause* of plaintiff's injuries, while the defendant's first plea denied this, and its second plea in effect said that even if the defendant. had been guilty of the negligence charged in plaintiff's declaration, yet plaintiffs were not entitled to recover on account of negligence on the part of the plaintiff, Oradelle McKinley, which *proximately contributed* to causing the injuries complained of. Plaintiffs took issue upon this plea; and thus we have the question of the *proximate cause* of the collision and resulting injuries distinctly raised by the pleadings of both plaintiffs and defendant.

Our view is that the doctrine of "last clear chance" is but one of many applications of the principles of "proximate cause" to the facts of the particular case or cases as they arise, which principle of proximate cause has of course always been recognized by this Court as one of the elements entering into actionable negligence. Therefore the issue of fact as to whether the defendant had the last clear chance to avoid the collision and resulting injuries in this case was within the issues raised by the pleadings.

Plaintiffs' declaration charged that defendant's negligence was *the proximate cause* of plaintiffs' injuries and by taking issue upon defendant's pleas, plaintiffs denied that Mrs. McKinley was guilty of any negligence which *proximately* contributed to causing her said injuries.

782

The ordinances of the City of Miami provided that motor vehicles crossing street intersections shall not exceed a speed of fifteen miles per hour, and that drivers along the avenues running North and South shall have the right of way over drivers along the streets running East and West. While the testimony was sharply in conflict, there was testimony in this case tending to prove that Mrs. McKinley, who was driving West on N. W. First Street, entered the intersection at 23rd Avenue at about twenty-two miles per hour, and that the bus was coming South down the Avenue at about the same rate of speed; that there was some obstruction to Mrs. McKinley's view as she approached the Avenue, but her own testimony indicates that she was not keeping a proper lookout as she entered the Avenue because she did not see the bus at all until it was almost upon her. The driver of the bus saw Mrs. McKinley's car when it was fifty or seventy-five yards back from the intersection. There was also evidence tending to show that at the time of the collision Mrs. McKinley's automobile had passed several feet beyond the center of the Avenue, and that the driver of the bus could have avoided the collision with plaintiff's car as it crossed the street ahead of him, by swerving the bus slightly to the left, or by promptly putting on the brakes and giving plaintiff's car a chance to get entirely by; but there is evidence tending to show that instead of doing either, he turned his bus slightly to the right and hit plaintiff's car near the rear wheel on the right hand side of the car, causing it to spin around and overturn. According to plaintiff's testimony, when she had entered the Avenue and saw the bus bearing down upon her, she attempted to speed up her car and get out of the way, and was considerably past the center of the Avenue and turning her car to the left away from the bus when the bus collided with the rear of her car.

While we have held in many cases that contributory neg-

ligence is an affirmative defense and should be specially pleaded, yet we have also held that the question of contributory negligence may be submitted to the jury, even though not specially pleaded where it affirmatively appears from testimony introduced by the plaintiff. And in actions against railroad companies for damages, we have held that contributory negligence, as a basis for reducing damages, may be considered by the jury, under proper instructions from the court, when shown by the evidence of either party, though not pleaded. Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741, and cases cited. We think, therefore, that in this case the presiding Judge of the Civil Court of Record, the late Judge A. B. Small, was warranted by the evidence in the case in charging the jury upon the doctrine of the last clear chance. His charge seems to have correctly followed the law on this subject as expressed in the opinion of Mr. Justice Davis in the case of Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401. In that case Mr. Justice Davis, speaking for the Court, said:

"The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. Such is a simple statement of the doctrine of "the last clear chance." The *last clear chance* doctrine is not an exception to the general doctrine of contributory negligence. It does not permit one to recover in spite of his contributory negligence, but merely operates to relieve the negligence of a plaintiff or deceased in a particular instance, which would otherwise be regarded as contributory, from its character as such. This result it accomplishes by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff or deceased, and the accident, as the sole proximate cause of the injury, and the plaintiff's antecedent negligence merely

as a condition or remote cause. The antecedent negligence of the plaintiff or deceased having been thus relegated to the position of a condition or remote cause of the accident, it cannot be regarded as contributory, since it is well established that negligence, in order to be contributory, must be one of the proximate causes."

In the case just quoted from, the writer wrote a concurring opinion in which it was said:

"As I understand our former decisions, this Court has never expressly adopted the doctrine of "the last clear chance," though in working out the principles of actionable negligence; contributory negligence and proximate cause, we have in effect adopted the essentials of such doctrine in practical application, but not to the extent of making this doctrine an exception to the general rule forbidding recovery by a plaintiff guilty of negligence which proximately contributed to his injury." * * *

"See Seaboard Air Line Ry. Company v. Watson, 94 Fla. 571, text 581, 113 So. 716, text p. 720, and cases cited, where among other things it is said: 'It is negligence which proximately causes or contributes to causing the injury or damage which creates legal liability. There may be concurrent causes of a single injury—concurrent negligence of two separate and distinct agencies—which, operating contemporaneously, together constitute the efficient proximate cause of the injury inflicted, and without either one of which the harm would not have been done. But if two distinct causes are successive and unrelated in their operation they cannot be concurrent. One of them must be the proximate and the other the remote cause, and the law will regard the proximate as the efficient and responsible cause, disregarding the remote cause. 22 R. C. L. 128.' "

That this doctrine of "the last clear chance" is a part of the law of proximate cause in negligence cases is borne out

by the following quotation· from the text of 45 C. J. pp. 988-989.

· "Different reasons have been assigned as the basis of the doctrine under consideration.. Some courts have regarded it as an exception, founded upon grounds of public policy, to the general doctrine of contributory negligence. The view generally accepted, however, is that it does not supplant or destroy, or constitute an exception to, the general doctrine of contributory negligence, but is merely a qualification thereof, and that recovery is permitted notwithstanding the negligence of plaintiff in exposing himself to injury because · such negligence does not in a legal sense contribute to the injury, being a remote, and not a proximate cause. As expressed by some courts, the person who has the last clear chance of avoiding an accident is considered in law solely responsible for the accident notwithstanding the negligence of the person injured, the negligence of the latter becoming the condition, and not a proximate cause, of the injury. In some jurisdictions recovery is based upon the general rule that contributory negligence is not a ˙defense to actions founded on willful or wanton conduct."

A proximate cause is one that directly causes, or contributes directly to causing, the result, · without any independent efficient cause intervening between the cause and the result of injury. Florida East Coast Ry. Co. v. Wade, 56 Fla. 620, 43 So. 775. It stands next in causal relation to the effect. Seaboard Air Line Ry. Co. v. Mullin, 70 Fla. 450, 70 So. 467; L. R. A. 1916 D 982. And in the case just cited it was said:

·"A proximate cause produces the result in continuous sequence, and without which the result would not have occurred."

See also Woodbury v. Tampa Water Works Co., 57 Fla.

243, 49 So. 556. In Seaboard Air Line Ry. Co. v. Mullin, *supra,* it was said:

"If an independent efficient cause intervenes between the negligence and the injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence."

See also Florida Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 So. 31; Florida Motor Lines, Inc., v. Casad, 98 Fla. 720, 124 So. 180, and Porter v. Smith, 121 Fla. 511, 164 So. 280. The facts in the case last cited were very similar to those in the case at bar.

Indeed, a study of our decisions in negligence cases will show that all of the essentials of the doctrine of the last clear chance have been recognized and applied under pleadings raising the question of proximate cause. In the case of Merchants Transportation Co. v. Daniel, *supra,* Plaintiff's pleadings did not expressly invoke the doctrine referred to.

It is further contended that the trial court was not justified in charging the jury on this doctrine of last clear chance because under the evidence the driver of the bus did not have sufficient time after he saw the plaintiff's automobile, to mentally appreciate and effectually act upon the impulse to save the plaintiff from injury. According to some of the evidence, the bus driver saw the approaching automobile some distance away before the collision took place, and we therefore consider that this question was properly submitted to the jury. In the case of Frazee v. Gillespie, 98 Fla. 582, 124 So. 6, it was said:

"Even if plaintiff was guilty of negligence in thus carelessly turning to the left and then proceeding across the path of defendant's rapidly oncoming car, without keeping a

proper lookout, the defendant, if he too had been properly observant of what was happening ahead of him, could have seen the dangerous predicament in which plaintiff's car had thus been placed in plenty of time to have avoided running into it if his car was not running at excessively high speed. But instead of this, according to his own testimony, he did not see plaintiff's car at all until he was within twenty feet of it, too late, in spite of all he could do, to avoid hitting it. * * *

"There may be cases of suddenly appearing dangers where this theory might apply, but this is not one of them; and it is a doctrine which must be kept within narrow limits if we are to have anything like safety upon our streets and highways with our present rapid means of locomotion. Swift as is the movement of the motor car, human sight and mental perceptions are far swifter. The glance of the driver's eye can shift from one side of the road to the other with lightning-like rapidity, and if the mental attention be not relaxed, and the steering gear and brakes be in good working order, the careful motor driver, exercising this comprehensive observation, can usually avoid all dangers of even heavy traffic on our streets and highways. But eternal vigilance is in these days the price of safety. And in the operation of automobiles, due care for the safety of life, limb and property, requires this constant and unrelaxing vigilance. What would have constituted 'due care' in the days of horse and ox-drawn vehicles would not meet the requirements of due care, or of 'ordinary care,' in the operation of such speedy, high-powered vehicles as our modern motor cars, if reasonable safety is to be attained."

For these reasons we cannot say that the Circuit Court departed from the essential requirement of the law in affirming the judgment of the Civil Court of Record, and

therefore we adhere to our former order in this case denying the petition for writ of certiorari.

Former judgment denying petition adhered to and affirmed on rehearing.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.