**J. N. BASTON v. PEGGY SHELTON, a feme sole**

13 So. (2nd) 453                                    January Term, 1943
May 7, 1943                                              En Banc
Rehearing Denied June 4, 1943

*McKay, Dixon & DeJarnette* for appellant.

*Wiseheart & Wiseheart, E. F. P. Brigham* and *L. J. Cushman,* for appellee.

CHAPMAN, J.:

The plaintiff below, Peggy Shelton, about 3:00 A.M. on June 20, 1940, when walking from the west to the east across the intersection of 18th Street and Northwest 7th Avenue in

the City of Miami, was struck by a Dodge truck driven by Lamar Carroll, 18 years of age, an employee of the defendant engaged in the delivery of milk. Plaintiff's declaration consisted of four counts, and alleged that the proximate cause of her injuries, being both serious and permanent, was the carelessness and negligence of defendant's employee in the operation of the milk truck at the time and place plaintiff was injured. Pleas of not guilty and contributory negligence were filed and the parties adduced evidence before a jury in support of the issues made, resulting in a verdict and judgment for the plaintiff below. An appeal therefrom has been perfected to this Court.

Seven questions are posed by counsel for appellant for adjudication by this Court appearing on the record. Posed questions 1, 5, 6, and 7 challenge the legal accuracy of designated instructions to the jury as given by the trial court; the 3rd goes to the ruling of the trial court in excluding from the consideration of the jury designated testimony; the 4th involves the admission into evidence by the plaintiff for the consideration of the jury of described photographs; while the 2nd is to the effect that the plaintiff is barred from recovery as a matter of law because of her own contributory negligence.

It is contended that the definition of contributory negligence as given by the trial court was erroneous and is viz:

"Contributory negligence is the failure of the person injured by the negligence of another, to use such ordinary care and prudence in the conduct of himself or herself, as would likely or probably occur in the ordinary course of events."

The above definition, no doubt, could be improved upon, but it has not been made to appear that it is clearly erroneous. See Shayne v. Saunders, 129 Fla. 355, 176 So. 495. In passing upon a single instruction, such instruction must be considered in the light of all other instructions given bearing upon the same subject, and, if when so considered, the law appears to have been been fairly presented to the jury, an assignment based on the instruction or charge must fail. See Greiper v. Coburn, 139 Fla. 293, 190 So. 902; Haddock v. State, 141 Fla. 132, 192 So. 802.

The basis of questions 5, 6 and 7 are requested instructions refused by the trial court and are viz:

"(9) The Court erred in refusing to give in charge to the jury the following defendant's requested instruction: 'No. 1. I charge you, gentlemen of the jury, that the basis of this case is the alleged negligence of the operator of the defendant's truck. If he was operating his truck in a careful and prudent manner, then I charge you that he has not been guilty of negligence and that the plaintiff cannot recover."

"(10) The Court erred in refusing to give in charge to the jury the following defendant's requested instruction: 'No. 2. I charge you, gentlemen of the jury, that the plaintiff owed to herself the duty of exercising reasonable care for her own safety, and in that regard it was her duty to look and see whether or not there was traffic when she crossed the street. If you find from the evidence that she failed to look or that she looked and failed to see approaching traffic, and that her carelessness in that respect was the cause of the accident, then she is not entitled to recover and your verdict must be for the defendant.'

"(11) The Court erred in refusing to give in charge to the jury the following defendant's requested instruction: 'No. 3. I charge you, gentlemen of the jury, that one of the defenses filed in this case by the defendant was that the plaintiff was guilty of some negligence which proximately helped to produce or bring about the accident and resulting injuries. If you find from the evidence that the plaintiff proximately contributed in any manner to the bringing about of the accident, then she cannot recover and your verdict must be for the defendant.'"

The charges as given by the trial court *sua sponte* applicable to the several points are a complete answer to this contention and are viz:

"I charge you at the request of the defendant, that if you find from the evidence that both the driver of defendant's truck, and the plaintiff, were guilty of negligence, and that the negligence of each helped to produce or bring about the accident then the plaintiff cannot recover; where both parties to a collision are guilty of negligence, and the negli-

gence of each helps to bring about the collision, then the law leaves them where it finds them; under such circumstances neither is entitled to recover from the other."

"Actionable negligence is any injury to another by reason of the failure of a person to use such ordinary care and prudence to avoid injury to such other person, when it is reasonably certain that the failure to use such ordinary care and prudence will likely or probably cause injury to another in the ordinary course of events."

"By ordinary care, the law means such a degree of care under the circumstances, as in the situation in which the parties were placed, so far as it may be shown by the evidence, as an ordinarily prudent person would exercise under the circumstances and in the same situation, for one of his age, capacity and experience.

"To constitute actionable negligence there must be not only casual connection between the negligence complained of and the injury suffered, but the connection must be by natural and unbroken sequence without intervening efficient cause, so that but for the negligence of the defendant, the injury would not have occurred. It must not only be a cause, but it must be the proximate cause; proximate cause and efficient cause, from which the injury follows in unbroken sequence without any intervening cause to breach the continuity.

"You are charged here that an unavoidable accident is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it. Therefore if you find from the evidence that the plaintiff received the alleged injuries, if any, by reason of an unavoidable accident brought about as the direct, proximate result of unavoidable circumstances as here defined by the court, you will find for the defendant."

A single instruction is not required to contain all the law relating to the subject treated, and, in determining whether challenged instructions are proper or improper, the entire instruction as given must be considered as an entirety. See Police and Firemen's Ins. Asso. v. Hines, 134 Fla. 298, 183 So. 831. The charges to a jury should be considered as an entirety and not isolated portions. Hollywood v. Bair, 136

Fla. 100, 186 So. 818. Charges asigned as error, when considered in connection with all others given and it appearing that no harmful error was committed and the point is covered fully by instructions given, assignments of error thereon are without merit. See Dykes v. Simpkins, 143 Fla. 625, 197 So. 327.

The witness Sheehan, adduced by plaintiff, on cross examination was interrogated at considerable length as to the criminal record of one Eva Graham, who was shown to have left the party prior to the collision and did not see the impact, and neither was she called as a witness. The cross examination of the witness sought to develop the criminal record and a knowledge thereof on the part of the witness Sheehan. The witness testified that he had only a limited personal acquaintance with Eva Graham. Evidence in contradiction of this testimony was not adduced by the defendant. It was contended that the cross examination of the witness about his knowledge of the criminal record of Eva Graham affected Sheehan's credibility as a witness. The trial court sustained objections to questions tending to show that Eva Graham: (1) spent 15 days in jail for vagrancy; (2) that she was an inmate of a bawdy house; (3) she visited saloons and drank whiskey; (4) was arrested on a charge of pick-pocketing; (5) that he had a right to show Eva Graham's reputation and character in order to determine whether or not the witness (Sheehan) was telling the truth. The plaintiff had never seen Mrs. Graham prior to this occasion. The evidence discloses that she was a member of the party only for a short time. Sheehan had seen her around his bar a few times. The criminal record of Eva Graham was irrelevant to the issues. It was within the province of the jury to believe or disbelieve the testimony of the witness and evidence of his moral depravity, if any, likewise could be weighed when his testimony was being considered along with the other testimony. We fail to find error in this assignment. See 70 C.J. 841, par. 1047; Wharton's Criminal Evidence, Vol. 3 (11th Ed.) 2172-78, par. 1301-07.

Plaintiff's exhibits Nos. 9 and 11, being photographs of the scene of the collision, taken at night, were admitted in

evidence by the trial court. Counsel for appellant contend that these are posed photographs and prejudicial to the defendant. Two Kentucky cases and one from the State of Maine are cited, and they hold that *posed* photographs may not be admitted. The photographs appear to have been taken at night and reflect the surrounding conditions where the collision occurred. This Court recognizes such photographs as competent evidence. See Mardoff v. State, 143 Fla. 64, 196 So. 625; Lindberg v. State, 134 Fla. 786, 184 So. 662; Young v. State, 85 Fla. 348, 96 So. 381; Sanford v. State, 90 Fla. 337, 106 So. 406; Hall v. State, 78 Fla. 420, 83 So. 518; 9 A.L.R. 1234.

Appellant's second and last question for adjudication is to the effect that the plaintiff below, when attempting to cross the street intersection at 18th Street and 7th Avenue Northwest, was guilty of contributory negligence, as matter of law, and is thereby precluded from a recovery as disclosed by all the testimony appearing in the record. The case of Carter v. Florida Power & Light Co., 138 Fla. 220, 189 So. 705, is cited and relied upon to sustain this contention.

It is settled law that the operator of a motor vehicle is required to exercise ordinary, reasonable or due care toward pedestrians. The drivers of automobiles must share the streets with pedestrians and each person on the highway must so exercise his right to use it as not to injure others, and must exercise such caution as an ordinary prudent person would exercise under like circumstances. The rights of the pedestrians and motor vehicles in a public street are equal and each is obliged to act with due regard to movements of the other. See Grepier, v. Coburn, 139 Fla. 293, 190 So. 902.

In the case of Frazee v. Gillespie, 98 Fla. 582, 124 So. 6, this Court considered the duties and responsibilities of the operator of an automobile to others upon the streets and highways, and Mr. Justice BROWN, speaking for the Court, in part, said:

". . . Swift as is the movement of the motor car, human sight and mental perceptions are far swifter. The glance of the driver's eye can shift from one side of the road to the other with lightning-like rapidity, and if the mental attention

be not relaxed, and the steering gear and brakes be in good working order, the careful motor driver, exercising this comprehensive observation, can usually avoid all dangers of even heavy traffic on our streets and highways. But eternal vigilance is in these days the price of safety. And in the operation of automobiles, due care for the safety of life, limb and property, requires this constant and unrelaxing vigilance. What would have constituted 'due care' in the days of horse and ox drawn vehicles would not meet the requirements of due care, or of 'ordinary care,' in the operation of such speedy, high-powered vehicles as our modern motor cars, if reasonable safety is to be attained."

The intersection of 18th Street and 7th Avenue, Northwest, at the time of the collision by the evidence is shown to have been well lighted. There were no "stop and go" lights or other signals in operation designed to control the traffic at the intersection. The collision occurred on a clear night and the milk truck at the time had good lights and brakes in workable condition. There was but little traffic at the intersection at the time of the impact. The place of impact and extent of plaintiff's injuries are more or less conceded by counsel.

Section 1 of Article VIII of Ordinance No. 1858 of the City of Miami is here applicable and provides:

"Section 1. Pedestrian's Right-of-Way at Crosswalks. (a) Where traffic control signals are not in place or in operation, the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, except as otherwise provided in this ordinance."

Plaintiff, by the terms of the ordinance, had the right of passage across 7th Avenue along the intersection of 18th Street. The driver, when operating the milk truck, was bound by the terms and provisions of the ordinance. The evidence discloses that the plaintiff saw and observed the lights of the approaching truck when crossing at the intersection, although it was a considerable distance away on 7th Avenue. She was struck by the truck when on the inter-

section and it came to rest astride the west rail of the street car track approximately 30 feet from point of impact. Plaintiff's shoe mark on the pavement and the large pool of blood discloses that she was knocked about 30 feet. The force of the impact dented the right front fender and broke the light of the large truck. The extensive damage to the truck by the force of the impact; the force of the blow drove plaintiff approximately 30 feet; the permanent injuries sustained by the impact; the place of the contact at the intersection; her observation and care for her own safety; the speed of the truck at point of impact; the driver's observation for pedestrians at the intersection; the speed at which the milk truck was being operated; the exercise of due care or the want of proper care in the operation of the truck by Lamar Carroll, the 18 year old driver, at the street intersection, are some of the disputes and conflicts appearing in the record for consideration of the jury under appropriate instructions. The driver and helper testified that the truck at the time was being driven at about "20 or 25" miles per hour and the plaintiff was not seen at the intersection. The force of the impact called to their attention the presence of the plaintiff for the first time. The degree of care exercised by the driver of the truck is certainly an important issue in this controversy and was a jury question. An ordinance was not involved in Carter v. Florida Power & Light Co., *supra,* cited by appellant.

It is true that sometimes contributory negligence appears from all the evidence adduced and will preclude a recovery by a plaintiff and we so held in Carter v. Florida Power & Light Co., *supra.* The facts adduced in the case at bar, however, under our judicial system, do not justify such a conclusion. We are sustained in this holding by our previous decisions. See Brandt v. Dodd, 150 Fla. 635, 8 So. (2nd) 471; Hart v. Held, 149 Fla. 33, 5 So. (2nd) 878; Greiper v. Coburn, 139 Fla. 293, 190 So. 902; Dunn Bus Service, Inc., v. McKinley, 130 Fla. 778, 178 So. 865; Robb v. Pike, 119 Fla. 833, 161 So. 732; Clair v. Meriweather, 127 Fla. 841, 174 So. 591; Frazee v. Gillespie, 98 Fla. 582, 124 So. 6; Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881.

888

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

It is so ordered.

BROWN, THOMAS and SEBRING, JJ., concur.

BUFORD, TERRELL and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

This appeal brings before us for review a judgment based on these facts. Plaintiff at a late hour of the night started across a street in the City of Miami. Before she left the curb she saw an approaching truck about a city block up the street to her left. She did not look again until she was well into the street, then she looked and saw it only a short distance away. She took four or five steps walking faster and was hit by the right front fender of the truck. She said: "I walked out into the street. I stepped off the sidewalk and I saw the car coming. I saw it, but I thought I had plenty of time to get across, and I started across the street, and I got hit."

Just prior to the injury she said she had drunk one bottle of beer and part of another. The question arises then whether she was guilty of contributory negligence as a matter of law. If so, then the trial court committed error in not instructing a verdict for defendant. If plaintiff was guilty of negligence which contributed to her own injury then she cannot recover even though defendant may have likewise been guilty of negligence. Union Bus Co. v. Matthews, 141 Fla. 99, 192 So. 811.

The only inference we can draw from the whole evidence is that the plaintiff negligently walked into the approaching truck. Her own negligence thereby contributed to her tragic misfortune. The facts of this case distinguish it from that of Williams v. Sauls, 151 Fla. 270, 9 So. (2nd) 369. Neither was the doctrine of last clear chance applicable. See Becker v. Blum, 142 Fla. 60, 194 So. 275.

It was error to deny the defendant's motion for a directed verdict. See Section 54.17, Florida Statutes, 1941. Carter v. Florida Power & Light Co., 138 Fla. 220, 189 So. 705.

BUFORD, C. J., and TERRELL, JJ., concur.