DREW, E. HARRIS,
Associate Judge (concurring specially).
Conceding, arguendo, that the evidence— including the photographs of the sidewalk area involved- — proves that the sidewalk was not reasonably safe for the use of pedestrians and that the City was negligent in allowing it to remain in said condition, the record here is utterly devoid of any evidence to establish that the appel-lee’s injuries were proximately caused by such negligence. The only thing'established by the evidence is that the appellee fell upon the sidewalk at a certain point and was injured.[1] There is no evidence that any alleged defective condition of the sidewalk in any way contributed to or caused *272 such fall. So far as the record shows, such fall could have been occasioned by dizziness, muscular fatigue, the turning of the ankle or one of a combination of many other reasons.
It is, of course, fundamental that to recover for the negligent act of another it must be established that such negligent act proximately contributed to the injury and the burden is upon the plaintiff in all cases to establish such fact by a preponderance of the evidence.[2] The plaintiff here having wholly failed to carry this burden,[3] it is my view that the learned trial judge erred in refusing to direct a verdict in defendant’s favor. For this reason, as well as the reasons assigned in the main opinion, I agree that the judgment must be reversed.

. The plaintiff’s testimony (there were no other witnesses to the fall) as to what happened is as follows:
“Q. What occurred as you left or when you left the Helen Motel on that morning of April 15? A. Well, I was walking towards Mrs. Wolfe’s place, and in front of the motel there, there was the sidewalk which was very bad to walk over. Of course, at the time, I didn’t realize it until I fell, and—
*272 “Q. Mrs. Wolff, directing your attention to Plaintiff’s Exhibits 3 and 4, I will ask you if you can identify the areas shown in those photos? A. About here (indicating).
“Q. Mrs. Wolff, what are you indicating on there when you say, ‘About here’? A. Well, the area here is what I recall.
“Q. Do you mean, is that where you fell? A. Yes.
“Q. Would you mark that with a red pencil, please, Mrs. Wolff, on Plaintiff’s Exhibit 4, approximately where you fell? A. (Witness complies.)
“Q. Does that represent the approximate area where you fell? A. I think so.
“Q. Where is that located? Is it in front of the Helen Motel or to either side of it? A. In front of the motel.
“Q. When you fell, Mrs. Wolff, did you fall forward or did you fall backward? A. I fell forward.
:¡: $ sH ijc ' i¡¡
“Q. Thank you. Now, also on Defendant’s Exhibit for Identification purposes only, 2A, will you mark the area' in which you fell, if it’s there, please? A. I don’t see anything here at all. It’s just flat here.
* * * * sS
“Q. On this day in question, this accident occurred at 10:30 a. m. — was it clear that day? A. Yes, it was.
“Q. Was there anything that would obstruct your view of the sidewalk as you walked along? A. No.
“Q. At the time you had the accident were you looking where you were walking? A. Yes. Well, I walked the way everybody else does.
“Q. Had you noticed the defects in the sidewalk as you testified to? A. I noticed it after I fell.

“Q. You say you noticed them after you had fallen; it that right? A. Yes, because I was lying down there.
“Q. And you were wearing walking shoes that particular day? A. Yes.
“Q. What portion of your foot caused you to slip down? I mean, what you stepped on or what you bumped against? A. Well, I didn’t notice at the time. I mean — what portion of my foot — Who would think of that? You wouldn’t think of that.
“Q. Nothing to indicate it on your shoe as to whether you caught your foot on anything or not? A. No.”

. Seaboard Air Line R. Co. v. Gentry, Fla., 46 So.2d 485, 488; Dunn Bus Service v. McKinley, 130 Fla. 778, 178 So. 865, 868. Shearman and Redfield on Negligence, Vol. 1, Rev.Ed., Sec. 33 et seq.

. That the jury may have lawfully indulged the inference that plaintiff’s fall was occasioned by the negligent condition of the sidewalk is clearly ruled out by the recent decision of the District Court of Appeal, First District, in the case of Commercial Credit Corporation v. Varn, Fla.App.1959, 108 So.2d 638, and the many cases therein cited.