PEARSON, Judge.
The plaintiff appeals from a final judgment which followed a jury verdict for the defendant in an action for wrongful death allegedly caused by negligent maintenance of a power line. All of the points raised by the appellant concerned the propriety of charges given or refused. The defendant has also filed cross-assignments of error directed to the court’s denial of its motion for directed verdict at the conclusion of all of the evidence.
The appellant has forcefully argued that she is entitled to a new trial because of the following paragraph from the court’s charge to the jury:
“I charge you that if you find the death of the deceased Eddie McCollum, was due solely to an accident, your verdict should be for the defendant.” [Emphasis supplied.]
A similar charge was given in the case of Grauer v. Alabama Great Southern R. Co., 209 Ala. 568, 96 So. 915, 920. The Supreme Court of Alabama stated:
“Such charges as the one numbered 100, that ‘if the deceased met his death as the result of an accident solely, your verdict must be for the defendant’— are calculated to confuse the jury, and had better be refused.
“The New Standard Dictionary defines ‘accident’ as ‘any unpleasant or *755 unfortunate occurrence causing injury, loss, suffering, or death.’ While the word may signify an unexpected occurrence for which no cause is assignable, its meaning, in both literary and popular usage, is much broader than that.”
In Bush v. Skelton, 91 Ga.App. 83, 84 S.E.2d 835, 836, a portion of a charge reads: “If you should find that the collision was the result of an accident, then the plaintiff would not be entitled to recover”. The court held that the word “accident” has two separate and distinct meanings. To the legal mind, “it means, in connection with personal injury cases, an injury which occurs without being caused by the negligence of either the plaintiff or the defendant”. To the average layman, “accident” means:
“ ‘ * * * an event that takes place without one’s foresight or expectation; that which takes place or begins to exist without design’, in other words, an unintentional act as opposed to something done in order to achieve a particular consequence. Therefore, to charge a jury of laymen that, if the collision was the result of an accident, the plaintiff cannot recover is frequently taken to mean that if the act was not intentional the plaintiff cannot recover, unless the meaning of the word ‘accident’ is clearly explained in the same context; * *
We are entirely in accord with the above statements of the Alabama and Georgia courts.
Charges on so-called unavoidable accidents have been approved in several Florida cases.[1] The applicability of a charge referring to an unavoidable accident must be determined by the facts of the individual case in which it is requested. We do not consider that the charge above quoted is tantamount to a charge on an unavoidable accident. It is calculated to confuse the jury because of the several definitions of the word “accident”, and it should not be given. The appellee suggests that inasmuch as the jury was thoroughly instructed on the issue of defendant’s alleged negligence, on proximate cause, and on the degree of care required of the defendant by law, the giving of the quoted charge was not reversible error. It is possible that the jury was not misled but we cannot say that they were not. In determining whether the error was prejudicial we considered the entire charge given by the court. The position of the erroneous charge and the very directness and simplicity of it gave to the defendant a strong advantage. We therefore hold that the giving of the erroneous charge was reversible error and a new trial must be awarded.
The defendant-appellee’s cross-assignments urge that the court erroneously refused its motion for directed verdict made at the close of all the evidence, because the plaintiff was guilty of contributory negligence as a matter of law. We conclude from a review of the evidence in the light most favorable to the plaintiff that the trial judge properly left to the jury the determination of the issue of contributory negligence.
Reversed and remanded for a new trial.
CARROLL, CHAS., J., concurs.
HORTON, C. J., dissents.

. Thomason v. Miami Transit Company, Fla.1958, 100 So.2d 620, 622; Atlantic Coast Line R. Co. v. Lamphear, 109 Fla. 25. 146 So. 847, 849; cf. Baston v. Shelton, 152 Fla. 879, 13 So.2d 453, 456; Jacksonville Electric Co. v. Hellenthal, 56 Fla. 443, 47. So.2d 812.