142 So.2d 326 (1962)
Douglas HART, Appellant,
v.
J.C. JACKSON, Appellee.
No. D-90.
District Court of Appeal of Florida. First District.
June 19, 1962.
*327 Larkin, Lewis & Decker, Jacksonville, for appellant.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
RAWLS, Judge.
Complaint of negligence was brought by appellant-plaintiff against appellee-defendant, by which plaintiff sought redress in damages for injuries received as a result of defendant's truck backing into him. From a jury verdict in favor of defendant, plaintiff appealed.
Plaintiff asserts in seven points various errors on the part of the trial court. The one justiciable point raised by plaintiff concerns a charge by the trial judge to the jury on inevitable accident. The terms "inevitable accident" and "unavoidable accident" are synonymous.[1] Plaintiff takes the position that since the facts surrounding this accident reveal that it was caused by human agency as distinguished from a mechanical defect or act of God that such charge was error.
No useful purpose would be served by detailing the facts in this case. However, of particular significance is the fact that the injured plaintiff was a seven year old boy at the time of the accident. Competent evidence was presented upon which the jury could have reached its verdict for the defendant upon one of the following hypotheses, viz:
1. That the defendant was not guilty of committing any act of negligence, and that due to his tender age and immaturity, the plaintiff child could not be charged with negligence; therefore, the accident occurred without anybody being legally accountable for the ensuing damages.
2. That the defendant was not guilty of committing any act of negligence and the sole proximate cause of the accident was the negligent actions and conduct of the minor plaintiff.
3. That the defendant was guilty of negligent conduct and that the plaintiff by reason of his mentality, intelligence, experience, training, discretion, and alertness was capable of being and was contributorily negligent.[2]
It is the first hypothesis that needs consideration in view of the charge of inevitable accident. The evidence permitted a finding by the jury that the boy, due to his tender age and immaturity, was not legally chargeable with contributory negligence.[3] The evidence also permitted a finding by the jury that the defendant was free of negligence.
As stated in Union Bus Co. v. Bowen,[4] in affirming a judgment for plaintiff based *328 on a verdict at a trial in which the defenses were not guilty and contributory negligence, the opinion quotes and approves this charge on unavoidable accident:
"The Court charges you that an unavoidable accident is such an accident as occurs without anybody being to blame for it, that is, without anybody being guilty of negligence in doing so, or permitting it to be done, or in omitting to do, the particular thing that causes said [unavoidable] accident."
and as said in Florida Motor Lines v. Casad:[5]
"An accident is that which happens without the fault of anyone, and without or beyond one's foresight or expectation. When both parties exercise ordinary care, an injury resulting to one of them is relatively to them the result of an accident."
And as stated in Sirmons v. Pittman:[6]
"The principle of law invoking the doctrine of `unavoidable accident' is applicable only when under some theory of the case the injury does not result from negligence of either of the parties." [Emphasis supplied.]
It was technically incorrect under the facts in this case to charge the jury with the doctrine of unavoidable accident. Conceding that the jury in this case would have been warranted to conclude that the plaintiff, because of his tender age, was not accountable for his acts of negligence, and recognizing that upon so concluding the jury would not have been precluded from rendering a verdict for the plaintiff, despite any negligence on his part contributing to the injury, these concepts have no relation whatever to the abstract proposition that the facts may conclusively reflect that his negligence either contributed to or was the sole proximate cause of the accident. To apply the doctrine of unavoidable accident to situations where either of the parties to the accident by the exercise of due care might have avoided the consequences invests the doctrine with a strained effect, and creates a special and hitherto unrecognized application of the doctrine. We are unable to equate the tender age of a child, and lack of accountability on that score for his acts of negligence, to the proposition that an accident in which he is involved is unavoidable or inevitable. Such persons regularly avoid accidental injury by instinctive actions impelled by fear of impending danger. The fact that injury is averted under such circumstances confounds the idea that the situation was fraught with unavoidable or inevitable consequences. A fortiori, the mere failure to take action by which to escape the consequences of impending danger does not render the resulting injury unavoidable or inevitable. Had the plaintiff been alert to the danger, he might have removed himself out of the path of the oncoming truck and there would have been no accident. The evidence is susceptible of the conclusion that it was his failure to do so, rather than unavoidability in the strict sense, that produced the accident. The fact that he may not be chargeable, as a matter of law, for failing to become alerted to the danger is beside the point.
Although the questioned charge on inevitable accident was erroneous, we are persuaded under the particular facts in this case that the charge could not have misled the jury or prejudiced plaintiff's right to a fair trial of his cause. It is our conclusion that the charge constitutes harmless error for which the judgment appealed should not be reversed.
Affirmed.
CARROLL, DONALD K., C.J., and WIGGINTON, J., concur.
NOTES
[1] 43 Words & Phrases, Perm.Ed. p. 37.
[2] Turner v. Seegar, 151 Fla. 643, 10 So.2d 320, 321 (1942).
[3] Under the evidence before us, if the boy had been sui juris, he would have been guilty of contributory negligence as a matter of law.
[4] Union Bus Co. v. Bowen, 134 Fla. 254, 184 So. 17, 19 (1938).
[5] Florida Motor Lines v. Casad, 98 Fla. 720, 124 So. 180, 181 (1929).
[6] Sirmons v. Pittman, 138 So.2d 765, 771 (Fla.App.1st, 1962).