PIERCE, Judge.
This case is an appeal from a judgment entered against appellants, as plaintiffs below, in favor of appellees, defendants below, in a negligence case arising out of an intersection collision between automobiles being driven by plaintiff Mrs. Retty and defendant Mrs. Troy.
Plaintiffs filed amended complaint against defendants alleging personal injuries to Mrs. Retty and consortium damages to Mr. Retty, due to negligence on the part of Mrs. Troy in the operation of her automobile, proximately causing the collision. The Troys answered, denying the negligence of Mrs. Troy and alleging contributory negligence on the part of Mrs. Retty. Upon such issues, the case was tried to a jury in the Sarasota County Circuit Court, resulting in a verdict for defendants Troy. Motion for new trial on behalf of plaintiffs being denied, judgment was entered, from which plaintiffs Retty have appealed to this Court. From the pleadings and evidence adduced at the trial, as reflected in the record filed here, the following facts appear, upon which the judgment appealed from was founded:
The accident happened on May 24, 1963, in the late afternoon at the intersection of Harbor Drive and Villas Drive, just south of the town boundaries of Venice, Florida. Harbor Drive runs north and south and is a divided driveway with a park or center isle in the middle. The south bound lane is 18' 3" wide, and the center parkway is 33' 4" wide. Villas Drive is 21' 8" in width and intersects both lanes of Harbor Drive on the west. There are no stop signs or other traffic markers at that particular intersection, although for some nine or ten blocks north on Harbor Drive, within the town of Venice, there are stop signs at practically every intersection, intended to stop traffic going east into Harbor Drive; making south bound traffic on Harbor Drive a through street or driveway, at least within the town limits.
*570 At the time of the accident Mrs. Retty was driving her Lincoln automobile alone in a southerly direction on Harbor Drive and Mrs. Troy was driving her almost identical Lincoln automobile in an easterly direction along Villas Drive. Vehicles approaching the intersection, as each of the cars were being so driven, are clearly visible to each other across a vacant lot at the northwest corner of the two roadways. Mrs. Retty had lived about two blocks from the intersection for about three years prior to the accident, while Mrs. Troy had lived for about the same time something over a mile from the intersection. Each driver was proceeding about 25 miles per hour just before the collision. Both drivers applied their brakes just before the impact but could not avoid the collision. At the point of impact, the Troy vehicle had proceeded about 9 feet into Harbor Drive and the Retty vehicle about 16 feet into Villas Drive. The Troy vehicle left approximately 27 feet of skid marks on the highway and the Retty vehicle approximatly 38 feet. The weather was fair and the roads were dry. It was still daylight. Neither driver saw the other until just before the collision. The front of the Retty car crashed head-on into the left side of the Troy car. The left front door of the Troy car was struck with sufficient force as to be mashed in so it could not be freely opened. The Troy car, which was obviously on the right of the Retty car, apparently was the first car to enter the intersection roadways proper. Both cars were large and heavy, and each stopped at the point of impact
Mrs. Retty testified that when she first saw the other vehicle, Mrs. Troy was about “a car length behind” the intersection and that she, Mrs. Retty, “applied my brakes as quick as I could because I knew that I was going to hit her. It was absolutely no way to avoid it and as I applied my brakes, I braced myself to try to keep from being hurt too badly.” Mrs. Retty admitted that she did not know that there was no stop sign on Harbor Drive at the intersection although she had driven along there every day for at least a year and a half. The collision happened so quickly after the two drivers saw each other that neither had time to blow the horn or attempt to swerve out of danger.
In the course of his instructions to the jury, the Circuit Judge gave the following charges:
“ * * * An accident which is caused by an absence of exceptional foresight, skill or care which the law does not expect of the ordinary, prudent person under the circumstances is characterized as inevitable or unavoidable. If you find from the evidence that the injuries to the plaintiff were the result of an accident without any negligence on the part of any of the parties to this law suit, then you should return a verdict in favor of the defendant because proof of an injury cannot be substituted for proof of negligence.
“Now, I will charge you as to the law in regard to the effect of a violation of a traffic law[1] in connection with negligence. The violation of a traffic law is prima facie evidence of negligence, but that prima facie evidence may be overcome by proof of the surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. Therefore, when it is shown or the jury by a preponderance of the evidence finds that a traffic law has been violated, it is a question for the jury to determine from all the facts and circumstances whether or not this prima facie negligence caused or in any way contributed proximately to the alleged injury.
“On the date of this accident there were certain laws in effect in the State *571 of Florida — 317.01, definitions. * * * 317.40, subparagraph one. The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway. Two. When two vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.”
The giving of that portion of the above quoted charge dealing with an “inevitable or unavoidable” accident was excepted to by plaintiffs and is made the basis of the sole contention of error on this appeal, Such portion, to repeat, is as follows:
“An accident which is caused by an absence of exceptional foresight, skill or care which the law does not expect of the ordinary, prudent person under the circumstances is characterized as inevitable or unavoidable. If you find from the evidence that the injuries to the plaintiff were the result of an accident without any negligence on the part of any of the parties to this law suit, then you should return a verdict in favor of the defendant because proof of an injury cannot be substiuted for proof of negligence.”
From the reported Florida cases it appears that the jury charge on “unavoidable accident” has become rather standardized but that the propriety of giving it depends upon the facts and circumstances of the given case.
Sirmons v. Pittman, Fla.App.1962, 138 So.2d 765, is cited in support by both parties here, but an analysis of the case shows it is clearly inapposite. There, the wife of' the plaintiff Sirmons was a guest passenger in the car driven by defendant Drummond going in a southerly direction on a Duval County highway, when the car veered off to the left directly into the north bound lane of traffic, where it collided with a car driven by defendant Pitman proceeding properly in a northerly direction, resulting in the death of Mrs. Sirmons. Defendant Pittman was exonerated by summary judgment and defendant Drummond received a verdict of not guilty by the jury, but the Court on appeal held that said defendant Drummond received the benefit of an erroneous and unwarranted charge to the jury on “unavoidable accident.” It was held there was no factual basis or theory upon which to predicate such a charge and that the giving of it could reasonably have misled the jury. The facts in Sirmons are readily distinguishable from those in the case sub judice. There the Court (from its opinion) concluded from the record that defendant Drummond was driving too fast and too close to the Volkswagon car immediately ahead to be able to stop when the Volkswagon suddenly slowed down due to traffic congestion, and that when Drum-mond veered over in front of the north bound traffic in order to avoid hitting the Volkswagon, the resultant collision with the Pittman car was not an “unavoidable accident” but was a consequence of driver Drummond’s own negligence. As the Court of Appeals pointed out, “[wjhere the operator of an automobile, through his negligence, has produced a situation of danger, he cannot avoid liability for the resulting accident on the ground that, after the situation had arisen the accident was unavoidable, or that he did all he could, or all that could be expected of him, to avoid it; nor is a collision unavoidable, so as to relieve a motorist of liability, if he was guilty of negligence proximately contributing to the collision.” Such quoted observation is clearly inappropriate to any theory of the case here.
In Hart v. Jackson, Fla.App.1962, 142 So. 2d 326, a charge had been given the jury in the Court below on “unavoidable accident” which was held on appeal to be erroneous in the light of the evidence, but it was likewise held that the giving of the charge was harmless error. This holding of “harmless error” intended to neutralize or “water down” any contrary intimations *572 arising from certain language in the Sir-mons opinion. The decision in Hart, being rendered by the same Court as rendered Sirmons, and being later in point of time, assumes stature as authority.
In Tropical Exterminators, Inc. v. Murray, Fla.App.1965, 171 So.2d 432, the trial Court, in granting summary judgment in favor of plaintiff on the issue of liability in a negligence case, refused to take cognizance of the principle of unavoidable accident because such had not been pleaded specially as a defense. On appeal, this Second District Court reversed, holding that the principle of unavoidable accident is applicable when “the element of proximate cause is lacking because there is no causal connection between his (the person charged) acts and the damages sustained (by the person injured) * * in consequence whereof “he is relieved of liability for the simple reason that he is not guilty of actionable negligence”; that because it thus bears directly upon the primary issue of negligence, unavoidable accident does not have to be specially pleaded as an affirmative defense.
In Florida Motor Lines, Inc. v. Casad, 1929, 98 Fla. 720, 124 So. 180, the following definition of unavoidable accident was held to be “no doubt, correct” as the same was contained in the following charge to the jury—
“[i]f you find from the evidence * * * that the injury complained of was the result of an unavoidable accident, you must find for the defendant. An accident is that which happens without the fault of anyone, and without or beyond one’s foresight or expectation. When both parties exercise ordinary care, an injury resulting to one of them is relatively to them the result of an accident”—
notwithstanding the refusal of the lower Court to give said charge was not reversible error because substantially covered by the general charge.
As stated in the fourth headnote of Beit v. United States, 5 C.A.1958, 260 F.2d 386:
“An unavoidable accident does not occur only where the injury is brought about by the intervention of outside forces, whether of God, nature or third' persons, and an accident which is caused by absence of exceptional foresight, skill’ or care which the law does not expect of the ordinarily prudent man is also characterized as inevitable or unavoidable.” [2]
65 C.J.S. Negligence § 21, beginning on page 430, contains the following:
“Unavoidable accident does not necessarily mean one which it is physically impossible in the nature of things for defendant to have prevented, but one in which ordinary care and diligence could not have prevented the happening of the thing that did happen; one which could not have been foreseen or prevented; and in this sense the term is held to be equivalent to, or synonymous with, ‘mere accident’ or ‘pure accident.’ An unavoidable accident is one which occurs while all persons concerned are exercising ordinary care, that is, one not caused by the fault of any of the persons; if the accident producing the injury could have been prevented by either person by means suggested by common prudence it is not deemed unavoidable. The question of unavoidable accident is entirely different in its nature from the question of negligence and proximate cause.
“It is impossible to announce a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented. In order to determine whether such issue is involved, the facts of each particular case must be examined with the view of ascer *573 taining whether there is presented a theory under which the accident could have happened, notwithstanding all the persons concerned exercised the degree of care required by law.”
The distinction between “avoidable accident” and “unavoidable accident” is the distinction between volition, will, purpose, design or intent on one hand, and chance, uncontrollableness, compelling, necessity, and involuntariness on the other. American Stores Co. v. Herman, 166 Md. 312, 171 A. 54. An accident arising from a source other than the negligence of either the plaintiff or defendant is an unavoidable accident. Alagood v. Coca Cola Bottling Co., Tex.Civ.App., 135 S.W.2d 1056. One cannot recover damages caused by uncontrollable events. Holley v. Louisiana Ry. & Nav. Co., 184 La. 175, 165 So. 703. The law does not impose liability for a mere accident which could not have been guarded against. Daughrity v. Williams, 144 S.C. 437, 142 S.E. 722.
In McCollum v. Florida Power & Light Company, Fla.App.1961, 125 So.2d 754:
“Charges on so-called unavoidable accidents have been approved in several Florida cases.[3] The applicability of a charge referring to an unavoidable accident must be determined by the facts of the individual case in which it is requested.”
So we finally get back to what was first observed in this opinion, namely, the propriety of giving a charge on unavoidable accident in any given negligence case depends upon the facts of that particular case. We affirm the lower Court here. While the able trial Judge might, with equal propriety, have declined upon request to give the charge in question, yet we will not hold him in error because he gave it, even over objection. This case presents a close question of applicability. But there is in the record a factual area justifying the charge. Both drivers were proceeding at a modest speed just before the impact. Both drivers applied their brakes at about the same time. There was no disproportionate length of skid marks. Each driver saw the other car at approximately the same time. No traffic markers were installed, warning either driver to stop. Each driver entered the intersection at about the same timé. The defendant’s car entered the intersection' to the right of plaintiff’s car, which, under the charge of the Court as to applicability thereto of the Florida Statutory traffic law, would probably give defendant’s car the right of way, in which event plaintiff could not have complained of the charge on “unavoidable accident.” At worst, it would have been harmless error, as held in Hart v. Jackson, supra.
The judgment appealed from is affirmed.
Affirmed.
SHANNON, Acting C. J., concurs.
MAXWELL, OLIVER, C., Associate Judge, dissents with opinion.

. These are not municipal traffic ordinances; they are State traffic laws applicable on roads and highways outside corporate limits of municipalities, such as existed here.

. The challenged charge in the instant case was apparently taken from this statement of the law.

. Citing Thomason v. Miami Transit Company, Fla.1958, 100 So.2d 620, 622; Atlantic Coast Line R. Co. v. Lamphear, 109 Fla. 25, 146 So. 847, 849; cf. Baston v. Shelton, 152 Fla. 879, 13 So.2d 453, 456; Jacksonville Electric Co. v. Hellenthal, 56 Fla. 443, 47 So.2d 812.