MAXWELL, OLIVER C., Associate Judge
(dissenting).
I must respectfully dissent from the majority opinion.
This was an ordinary intersection negligence case, where both drivers lived in the vicinity of the intersection; were familiar with the intersection; where both cars were clearly visible to each other across a vacant lot; where both drivers saw, or should have seen, the other and proceeded to a collision. The giving of the “unavoidable accident” instruction under these circum *574 stances, in my opinion, could only confuse the jury and was prejudicial error. -The cause should be reversed on authority of Sirmons v. Pittman, (First District Fla.1962), 138 So.2d 765, wherein the Court stated:
* * * “Where the pleadings and evidence authorize a finding that the injury was the result of negligence, it is error to charge the jury upon the doctrine of ‘unavoidable accident’.” * * *
The majority opinion states that the holding of “harmless error” in Hart v. Jackson, (Fla.App.Ct.1962), 142 So.2d 326,
* * * “tended to neutralize or ‘water down’ any contrary intimations from certain language in the Sirmons opinion.” * * *
A study of Hart does not justify the language in the majority opinion, for, while it is true that the Court did hold the giving of the instruction in that case, which involved a truck backing into a child, harmless error, the Court stated' that:
* * * “To apply the doctrine of unavoidable accident to situations where either of the parties to the accident by the exercise of due care might have avoided the consequence invests the doctrine with a strained effect, and creates a special and hitherto unrecognized application of the doctrine.” * * *
The above statement in the majority opinion and the further statement that the “unavoidable accident” instruction in Florida * * * “has become rather standardized” * * * ignores the many recent cases from other jurisdictions holding (1) that such instruction should never be given in the ordinary negligence case; (2) that the doctrine is an anachronism or obsolete remnant from the common law when “unavoidable accident” was an affirmative defense to be pleaded and proved by defendant; (3) that the ordinary instructions on negligence and proximate cause sufficiéntly show that the, plaintiff must sustain his burden of proof on these issues in order to recover;' (4) that the giving of these instructions, after instructions on negligence and proximate cause have been given, necessarily tend to confuse a lay jury.
Many recent cases, from many jurisdictions, have specifically overruled a considerable number of former opinions of the same forum approving such instructions. These cases essentially hold that such instructions should never be given in an ordinary negligence case, and by their very nature, when coupled with other necessary instructions in a negligence case, can only confuse a lay jury.
See Butigan v. Yellow Cab Co., 1958, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1; Fenton v. Aleshire, 1964, 238 Or. 24, 393 P.2d 217, which describes the instruction as an “anomaly”; Lewis v. Buckskin Joe’s Inc., Sup.Ct. Colorado 1964, 396 P.2d 933; City of Phoenix v. Camfield, 1965, 97 Ariz. 316, 400 P.2d 115; Alaska Brick Co, Inc. v. McCoy, Sup.Ct. Alaska 1965, 400 P.2d 454, * * * “[W]e are unable to conceive of any situation in the typical negligence action where such an instruction would be appropriate” * * *; Sloan v. Iverson, Ct. of Appeals, Kentucky 1964, 385 S.W.2d 178, * * * “Actually we entertain serious doubt whether an ‘unavoidable accident’ instruction should ever be given in an automobile collision case”. * * *; Miller v. Alvey, Sup.Ct. of Indiana 1965, 207 N.E.2d 633, * * * “[sjuch terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, their use in instructions is undesirable and unwise, and any statements in prior decisions of this state construed as authorizing instructions on ‘pure accident’ or ‘unavoidable accident’ are hereby disapproved.” * * *
I would reverse.