368 So.2d 897 (1979)
AMERICAN NATIONAL BANK OF JACKSONVILLE, Appellant,
v.
Virgil R. NORRIS and Mavis Y. Norris, Appellees.
Nos. II-8 and II-234.
District Court of Appeal of Florida, First District.
February 26, 1979.
Rehearing Denied April 11, 1979.
Thomas C. Dearing, Jacksonville, for appellant.
Allen C.D. Scott, II and David W. Foerster, Jacksonville, for appellees.
MITCHELL, HENRY CLAY, Jr., Associate Judge.
Appellant-Plaintiff, American National Bank of Jacksonville, appeals a final judgment rendered pursuant to a jury verdict finding in favor of Appellees-Defendants, Mr. and Mrs. Norris, on their counter-claim in the amount of $600,000.00. Mr. and Mrs. *898 Norris cross-appeal a final judgment of foreclosure rendered in favor of the bank.
The bank filed suit against Norris seeking foreclosure of a mortgage held by the bank and executed by Norris simultaneously with a construction loan agreement for the proposed construction of an apartment complex. Norris counterclaimed against the bank for breach of the construction loan agreement.
The construction loan agreement provided that the project was to be completed in accordance with the plans and specifications upon which the lender issued its commitment and in all events the construction was to be completed within twenty-four months from the date of execution of the agreement. The bank's attorney performed a title examination for the purpose of obtaining mortgagee title insurance which was ultimately obtained. Within a month after the closing, Norris was notified by the State of Florida Internal Improvement Fund and the U.S. Army Corps of Engineers that a portion of the land on which they were to build was submerged land and belonged to the State of Florida. From January, 1973 to March, 1974 no construction took place upon the Norris property. Norris talked frequently with bank officers during the interim period about the submerged land problem. Norris testified that at his meetings with the various officials, the bank offered suggestions and openly ratified and acquiesced in his efforts to resolve the construction problem. During this time, Norris required an option to purchase four additional acres of waterfront property immediately adjacent to the project site. Norris intended to take the planned apartment units, displaced by the state claim, and revise the site plan to construct the units on the four acres adjacent to the original project site. The bank officers were aware of the necessity for revision of the original project site plan. A revised site plan was prepared and approved by the U.S. Army Corps of Engineers and the State. Norris contends that the bank waived the twenty-four month term of the construction loan agreement and impliedly agreed to fund the loan throughout the time expended by Norris in attempting to resolve the submerged land construction problem.
The first question for our consideration is whether there was sufficient evidence to support the verdict of the jury that the bank had breached the construction loan agreement. We find the evidence presents a jury question. There is evidence to support the position of Norris that time was not of the essence of the construction loan agreement and that the bank, by virtue of its own conduct and actions, waived the time for performance requirement and was estopped to demand compliance. The evidence was sufficient to permit a jury to infer waiver on the part of the bank. See Selective Builders v. Hudson City Savings Bank, 137 N.J. Super. 500, 349 A.2d 564 (1975).
The Appellants contend that the trial court erred in various instructions given to the jury. It is a difficult thing, indeed, to achieve mechanical perfection in the trial of a law suit. Technical errors almost inevitably occur. The test is, rather, whether under the particular facts in this case, the instructions could have misled the jury or prejudiced the bank's right to a fair trial. We have examined all of the instructions and find that the instructions given were not prejudicial to the bank. See OWCA v. Zemzicki, 137 So.2d 876 (Fla.2d DCA 1972); Hart v. Jackson, 142 So.2d 326 (Fla.1st DCA 1962); Winn Dixie Stores, Inc. v. Nall, 302 So.2d 781 (Fla.3d DCA 1974); and Section 59.041, Florida Statutes (1977).
We have considered the remaining points urged for reversal by the Appellant-Bank, but find them to be without substantial merit.
In the cross-appeal, Norris contends that the trial court erred in allowing the bank to foreclose the note and mortgage. There were issues in the foreclosure which were unrelated to the issues upon which the counter-claim was based. Therefore, the trial court did not abuse its discretion in entering the final judgment of foreclosure for the bank including the allowance of attorneys fees.
*899 Accordingly, the judgments appealed are
AFFIRMED.
MILLS, Acting C.J., and SMITH, J., concur.