395 So.2d 217 (1981)
ITT-NESBITT, INC., a Foreign Corporation, and Air Conditioning Associates, Inc., a Florida Corporation, Appellants/Cross-Appellees,
v.
VALLE'S STEAK HOUSE OF FORT LAUDERDALE, INC., Appellee/Cross-Appellant.
No. 79-1864.
District Court of Appeal of Florida, Fourth District.
February 25, 1981.
Rehearing Denied April 2, 1981.
*218 Eugene L. Heinrich and Patrick Gent of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant/cross-appellee, ITT-Nesbitt, Inc.
*219 Anthony A. Balasso of Miller, Zachman & Balasso, P.A., Pompano Beach, for appellant/cross-appellee, Air Conditioning Associates, Inc.
James D. Adams of Quinton, Lummus, Dunwody & Adams, P.A., Miami, for appellee/cross-appellant.
BERANEK, Judge.
This appeal and cross-appeal follow a complex civil suit involving a defective air conditioning system. From the time of its installation in plaintiff's building, the system was plagued with problems and numerous attempts to repair it proved unsuccessful. Eventually, plaintiff, Valle's Steak House of Fort Lauderdale, requested that the manufacturer, ITT-Nesbitt, take back the air conditioning units. When this request was denied, plaintiff replaced the units with new ones and sued ITT-Nesbitt and Air Conditioning Associates, Inc., which had installed the units and built the remainder of the system, on theories of negligence and breach of implied warranty.[1] An extensive jury trial concluded with a special verdict on each of these claims.
In the negligence verdict, the jury determined that the negligence of ITT-Nesbitt and Air Conditioning Associates had caused damages of $101,108.90 to the plaintiff. The amount was exactly the same as the total verdict in the warranty count which included the total replacement cost of the units. This amount was thereafter reduced to $91,108.90 to reflect the $10,000 salvage value of the equipment which was still in the possession of the plaintiff. Of the total damages resulting from the negligence of the defendants, 80% was found to be attributable to ITT-Nesbitt and 20% to Air Conditioning Associates. The jury also found that the plaintiff was partially responsible for its own damages and set plaintiff's contributory negligence at 8%.
In its special verdict on the warranty count, the jury found that ITT-Nesbitt had breached its implied warranty running with the air conditioning equipment and that such breach of warranty was the cause of damage to plaintiff, Valle's. It determined that Valle's had justifiably replaced the defective units with new units and had properly offered to return the defective air conditioning equipment to ITT-Nesbitt, which offer of return was wrongly refused by ITT-Nesbitt. The jury set the damages due plaintiff from ITT-Nesbitt at $101,108.90. This sum was computed by the jury as follows:

 $97,708.90  the reasonable cost of the substitute
 equipment purchased to replace the defective units.
 3,400.00  the reasonable expense in caring for the
 equipment after ITT-Nesbitt refused the return
 thereof.
$101,108.90  TOTAL

After receipt of the verdicts, the trial court entered a final judgment, alternative in nature, with the provision that collection on either the negligence or breach of warranty theory would constitute a credit against the judgment entered on the other theory. ITT-Nesbitt and Air Conditioning Associates were also held jointly liable to the plaintiff on the negligence count without regard to the 80%/20% apportionment.
Both defendants appeal and plaintiff cross-appeals. The defendants raise numerous issues which we summarize as follows:
1. The trial court's refusal to instruct the jury that a partial directed verdict had been entered, thereby leading the jury to believe that the entire negligence count was still to be considered.
2. General insufficiency of evidence of negligence.
3. Failure to instruct the jury that the negligence of the plaintiff would serve to reduce any amounts recoverable under the warranty theory.
4. Denial of the motions for directed verdict on the warranty count.
5. Entry of an improper alternative judgment.
*220 On cross-appeal, the plaintiff asserts that the trial court erred in granting the partial directed verdict on the negligence theory. We find defendants have demonstrated error requiring reversal and remand for a new trial.
As indicated above, the trial court directed a verdict on the issues of negligent design and manufacturing of the air conditioning units built by ITT-Nesbitt, finding that plaintiff had failed to offer sufficient evidence to show any defect in the air conditioning units. Although direction of the verdict should have removed the issue from jury consideration, the court refused to so instruct the jury despite a request by ITT-Nesbitt to do so. The parties to this appeal have found no authority directly on point, but settled law requires the trial judge to fully and fairly instruct on all issues in a cause. Security Mutual Casualty Company v. Bleemer, 327 So.2d 885 (Fla.3d DCA 1976). The test regarding jury instructions is whether, under the particular facts of the case, the instructions misled the jury or prejudiced a party's right to a fair trial. American National Bank of Jacksonville v. Norris, 368 So.2d 897 (Fla. 1st DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979). Here, the trial court ruled as a matter of law that plaintiff had failed to prove negligent design or negligent manufacturing of the units. Since this issue was presented to the jury in the context of the case, we find the court's refusal to instruct that a verdict had been directed thereon to be reversible error. We are so convinced by a comparison of the strikingly similar amounts found in the negligence verdict and the warranty verdict. Obviously, the jury concluded that plaintiff had been damaged to the extent of the total replacement cost of the air conditioning units. In the warranty verdict, this was clearly based on a finding that the units were defective. The jury apparently reached the same conclusion in the negligence verdict but the court had already ruled that there was insufficient evidence of a design defect when it directed the verdict. The jury should have been so advised.
We also conclude that the evidence was insufficient to sustain the judgment based on negligence as to Air Conditioning Associates. Under no construction of the evidence could Air Conditioning Associates have been responsible to the plaintiff for the cost of the new air conditioning units. Air Conditioning Associates had not manufactured the units but had only installed them. The final judgment entered in the cause was against Air Conditioning Associates in the total amount of the replacement cost less the salvage value of the units.[2] There was simply no evidence of negligence by Air Conditioning Associates which could have been the proximate cause of this damage.
Appellant, ITT-Nesbitt, also contends that the trial court erred in failing to instruct the jury on comparative negligence as a defense to the implied warranty claim. Appellee concedes the case law of Florida requires an instruction on comparative negligence under such circumstances. West v. Caterpillar Tractor Company, 336 So.2d 80 (Fla. 1976); Coleman v. American Universal of Florida, Inc., 264 So.2d 451 (Fla. 1st DCA 1972). However, appellee argues that the problem caused by this omission can be easily remedied without the necessity of a new trial by adopting the approach taken in West v. Caterpillar Tractor Company, supra, i.e., apply the contributory negligence finding of 8% against appellee's recovery on the breach of warranty claim. The complex procedural setting in the present case precludes such a clear cut solution.
In the warranty count, the jury found the air conditioning units to be defective. In the negligence count, the jury should have properly considered plaintiff's comparative negligence only in regard to the asserted negligence of the defendants in the installation, maintenance, and repair of the units since the court had directed a verdict as to *221 the negligence of ITT-Nesbitt in designing or manufacturing the units. The finding of comparative negligence may well have been different if the jury had considered it within the warranty count or if the jury had considered it under proper instructions in the negligence count. We, therefore, find that the failure to instruct on plaintiff's comparative negligence in the breach of warranty count against ITT-Nesbitt constitutes reversible error requiring a new trial rather than a simple 8% reduction on the amount found under the warranty count.
As a further indication of the confusion obvious throughout this case, the jury's verdict assessed $3400 under the warranty theory as expenses incurred by plaintiff in storing the air conditioning units after ITT-Nesbitt had wrongfully refused to retake them. This same amount was assessed against both the defendants in the negligence count. This is both inconsistent and improper.
After reviewing the record and the verdict of the jury herein, we are convinced that the overall effect of the above errors permeated the entire trial and resulted in confusion on the part of the jury. We, therefore, conclude that the judgment below should be and is hereby reversed and the cause remanded for a new trial. The new trial shall be on all issues between all parties to this appeal and we thus find it unnecessary to consider the appellee's cross-appeal and additional points raised by appellant.
REVERSED AND REMANDED.
MOORE, J., concurs.
KAPNER, LEWIS, Associate Judge, dissents with opinion.
KAPNER, LEWIS, Associate Judge, dissenting:
Although I agree the court erred in failing to instruct the jury as to its granting of defendant's motion to dismiss, I would affirm the jury's verdict because counsel had full opportunity to explain to the jury that the only issue before it was that of implied warranty, in fact, defense counsel so informed the jury: "That is no longer an issue in this case. The court has directed a verdict on the issue of whether there is negligence in terms of inherent design defects. It has directed a verdict in our favor;..."
While I agree that it is the court's and not the attorneys' responsibility to instruct the jury as to the law, the issue before us is whether the court's error was harmful. The test, regarding jury instructions, as pointed out in the majority opinion, is whether the instructions (or lack thereof) could have misled the jury or prejudiced a party's right to a fair trial. American National Bank of Jacksonville v. Norris, 368 So.2d 897 (Fla. 1st DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979).
Actually it is more precise to quote directly from Section 59.041, Florida Statutes (1979), which varies somewhat from the following statement:
No judgment shall be set aside or reversed, ... on the ground of misdirection of the jury ... unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." (Emphasis added).
It is hard to see how failure to instruct the jury on a point of law results, as a matter of law, in a miscarriage of justice where the jury became aware of the judge's ruling through other means. See, State v. Freeman, 380 So.2d 1288 (Fla. 1980); Tillery v. Ellison, 345 P.2d 434 (Okl. 1959) ("Ordinarily a court commits no error in refusing to instruct on an issue or theory that has been taken out of the case."); Murphy v. Board of County Commissioners, 13 Md. App. 497, 284 A.2d 261 (1971); Nesbitt v. Bethesda Country Club, Inc., 20 Md. App. 226, 314 A.2d 738 (1974) (informing jury of directed verdict ruled discretionary with judge).
At the very most, I would remand to the trial judge with directions to determine whether his error resulted in a miscarriage of justice. He is in a far better position to *222 make this determination than we are and, because he did not believe he committed error, he had no occasion to do so.
With respect to the judgment of negligence against Air Conditioning Associates, Inc., I believe the evidence justified a finding that Air Conditioning Associates, Inc. assumed a continuing duty of care and that they negligently failed to discharge this duty, thus contributing to plaintiff's damages.
Finally, I agree that the court's failure to instruct the jury on comparative negligence as a defense to the implied warranty claim was harmful error, but I believe the remedy advanced in West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976), would be fully appropriate.
Accordingly, I would remand to the trial court with instructions to apply the contributory negligence finding of 8% of appellee's recovery on the breach of warranty claim. In all other respects, I would affirm.
NOTES
[1] Plaintiff originally filed suit against three defendants, but a directed verdict was entered and cross claim was dismissed as to one of these. Thus, the verdict, judgment, and this appeal concern only ITT-Nesbitt and Air Conditioning Associates.
[2] The judgment also reduced the verdict by the 8% comparative negligence figure attributable to plaintiff.