PER CURIAM.
Appellant, a handicapped person, filed a three-count complaint against appellees alleging that Larry Butler, an employee of Jim Hires, doing business as South Monroe Exxon, wrongfully refused to pump gasoline from the self-service island for him contrary to Section 526.141(5), Florida Statutes (1981). Appellant claimed that as a result of Butler’s conduct, he suffered embarrassment, pain and suffering, and inexplicable muscle spasms. In addition, he alleged that Butler’s conduct had a chilling effect upon him, and that he is afraid to request help at self-service islands now and instead uses full-service islands when getting his gasoline. Finding that appellant had not suffered the type of damages this statute was designed to prevent, the trial court granted appellee’s motions for summary judgment. We affirm.
Appellant drove his vehicle displaying an exemption entitlement parking permit on it to the self-service island of the South Monroe Exxon and requested assistance from attendant Butler to pump the gas for him. Unaware of Section 526.141(5), Butler refused to pump appellant’s gas. Appellant alleges that Butler’s refusal was made in a very derogatory manner, albeit without profanity. A bystander interceded and pumped appellant’s gas for him at the self-service island. Appellant paid the lower self-service price and left.
Section 526.141(5) provides that every full-service gas station which offers self-service gas at a lower cost shall require an attendant employed by the station to dispense gas from the self-service island to any motor vehicle properly displaying an “exemption entitlement parking permit” when the person to whom the permit is issued is the operator of the vehicle and requests such service. All the parties agree that Butler did not comply with Section 526.141(5). However, it does not necessarily follow from a violation of this statute that there is actionable negligence since appellant must allege: (1) that he is of a class the statute was intended to protect; (2) that he suffered the type of injury the statute was designed to prevent; and (3) that violation of the statute was the proximate cause of his injury. deJesus v. Seaboard Coastline Railroad, 281 So.2d 198 (Fla.1973). Assuming Section 526.141(5) was intended, among other things, to protect handicapped persons like appellant, and that Butler’s refusal to assist appellant was the cause of appellant’s alleged embarrassment and distress, we agree with the trial judge that the second essential element necessary for appellant to state a cause of action is missing.
After examining the other provisions in Chapter 526, we conclude that Section 526.-141(5) was enacted by the legislature as a safety measure for the prevention of physical injury to handicapped persons who would otherwise be required to pump gas for themselves at a self-service island.[1] We further recognize that Section 526.-141(5) achieves the secondary objective of insuring that disabled persons receive the same economic advantage as able-bodied persons who are able to pump their own gas. In this case, appellant was not physically injured while pumping gas for himself, and he paid the lower gasoline prices *251 available at the self-service island after his gasoline was pumped by a bystander. Appellant has been unable to point to any language of the particular section, or of the chapter in which it appears, that would remotely suggest a legislative purpose to protect against embarrassment — the only type of injury suffered by appellant as a result of Butler’s failure to heed the command of the statute. Accordingly, we are compelled to apply and to follow prior case law in holding that no cause of action has been alleged. deJesus, supra; Groh v. Hasencamp, 407 So.2d 949 (Fla. 3d DCA 1981); and Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978).
Since our ruling on the above point is dispositive of the entire case, we have no occasion to consider other issues raised by appellant, and the trial court’s final summary judgment is AFFIRMED.
SMITH, ZEHMER and BARFIELD, JJ., concur.

. By this statement, we do not intend to define the entire class of persons which this statute is designed to protect. We expressly leave for another day the question of whether a violation of Section 526.141(5) gives rise to a cause of action in favor of a third party who is personally injured as a result of a violation of this statute.