546 So.2d 1 (1988)
JUPITER INLET CORP. and Jupiter Inlet Limited Partnership # 1, Appellants/Cross Appellees,
v.
Marguarita BROCARD, Appellee/Cross Appellant, and
Norman L. Burg, et al., Appellees.
No. 85-0859.
District Court of Appeal of Florida, Fourth District.
August 24, 1988.
As Amended March 13, 1989.
Rehearing and Certification Denied March 13, 1989.
*2 Kathryn M. Beamer of Schuler & Wilkerson, West Palm Beach, for appellants/cross appellees.
Law Offices of Jose G. Rodriguez and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee/cross appellant.
R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellees-Norman L. Burg and Norm Burg Const. Co., Inc.
SALMON, MICHAEL H., Associate Judge.
Jupiter Inlet Corporation is a land development company. When it decided to build the Everglades, a five-story condominium building, it acted as both owner and general contractor of the project. On previous projects, Jupiter Inlet had employed Bill Schlusemeyer's company as the contractor. However, Schlusemeyer was not a general contractor. For the Everglades project Schlusemeyer's stepdaughter, who happened to be a licensed general contractor, agreed to use her license, for which she paid $3000.00 per year, to qualify as the general contractor. The services she performed were twice-monthly visits to the project and discussion from time to time with Schlusemeyer, who was the superintendent in charge of construction of the project.
Most of the job was subcontracted. Norm Burg Construction Corp. (Burg) built the concrete shell of the building, the major structural component. George Brocard was an employee of Burg. One day, after snapping chalk lines on a sharply sloping roof of the building, Brocard fell to his death. The roof was not equipped with a guard rail or other protective device, and Brocard was not supplied with a safety belt.
Brocard's estate (Brocard) brought this action seeking compensatory and punitive damages against Jupiter Inlet, Burg and others, claiming that they had been negligent in failing to provide George Brocard with a safe place to work, and in failing to properly supervise construction of the project.[1]
The jury awarded damages in the aggregate amount of $670,500.00, which were reduced ten percent attributed to the comparative negligence of George Brocard.

OSHA
A principal thrust of this appeal is the claim that the admission into evidence of regulations promulgated pursuant to The Occupational Safety and Health Act of 1970 (OSHA or the Act), was in error. The regulations in this case fall into two general categories: those that deal with negligence, and those that deal with the definition of employer and employee for purposes of the act. These questions will be dealt with separately.

NEGLIGENCE
Section 653(b)(4) of the Act provides that nothing contained in it shall enlarge, diminish or affect common law or statutory liability of employers with respect to injuries to or death of an employee arising out of and in the course of employment. OSHA does not provide the basis for a private right of action. The real question is whether or not violation of regulations promulgated pursuant to OSHA, basically regulations which state what should be done to provide a safe working place, constitute evidence of negligence on the part of the employer. The cases decided in Florida, Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla. 1985), and Jimenez v. Gulf & Western Manufacturing Co., 458 So.2d 58 (Fla. 3d DCA 1984), answer part of the question decisively  violation of OSHA does not *3 constitute per se negligence. Both decisions find the question of the relevancy of OSHA regulations troublesome, and a fair reading of the opinions leads to the conclusion that the court considered their admission in evidence to be error, but harmless in each case because of other compelling evidence and the limiting instructions given.
In cases of this type, it is difficult, if not impossible, to fashion a rule that applies to all OSHA regulations. In some cases the violation of a regulation, one that common sense dictates or is otherwise reliable, will be admissible, with a proper limiting instruction as evidence of negligence. In other cases the inappropriateness of the regulation, and the inability of the party challenging its validity to present evidence regarding its adoption  in short, confrontation  will prohibit its introduction into evidence. But when a regulation is admitted into evidence, a limiting instruction should be given at the time the regulation is admitted cautioning the jury that the regulation is not evidence of negligence per se, and advising them of the limited purpose for which the regulation is admitted. In this case, we also find the admission of the OSHA regulation pertaining to negligence to be harmless in light of other evidence and the charge that the jury received regarding the purpose for which the regulations were received in evidence.

EMPLOYER-EMPLOYEE
Jupiter Inlet complains specifically regarding introduction of OSHA Regulation 1926.32, defining employer and employee.[2] The question, as it applies to this case, involved whether Burg or Jupiter Inlet was responsible for providing a safe work place for George Brocard. Because we ultimately decide that Florida law places that duty upon Jupiter Inlet regardless of the duty of Burg, see Conklin v. Cohen, 287 So.2d 56 (Fla. 1973), the introduction of the regulation into evidence was harmless. But its introduction further points to the troublesome problem of OSHA regulations in evidence. If OSHA neither enlarges or diminishes any statutory or common law rights in this case, what possible relevance could the OSHA definition of employer have?
We have examined the seven other issues raised by Jupiter Inlet and find them to be without merit. One will be discussed in connection with the cross appeal by Brocard.
Brocard sought punitive damages based upon its claim that Jupiter Inlet used Ms. Tarr's (Schlusemeyer's stepdaughter) license to qualify Jupiter Inlet as a general contractor when in fact she did not act as general contractor, did not supervise the job, and did not discharge her duty to provide a safe working place. In essence, the claim is that Jupiter Inlet "rented" the license. The trial court entered summary judgment in favor of Jupiter Inlet on the issue of punitive damages. Milton Rubin, an administrative assistant with the Construction Industry Licensing Board, was permitted, over objection, to testify that the statutory licensing scheme was "to safeguard the life, health, property and public welfare of the citizens." Although punitive damages was not an issue at trial, negligence of Jupiter Inlet arising from the conduct of Tarr was relevant, and the objection that Rubin was not a member of the legislature and therefore unable to know its intent was properly overruled. Rubin's training and experience with administration of the act qualified him (if indeed such qualification was necessary) to comprehend the meaning of the act.
Much of what else is claimed by Brocard to support the claim of punitive damages was addressed in discovery after the summary judgment was entered or at trial, and was not before the judge at the hearing on the motion for summary judgment. What was before the judge, however, was evidence that Tarr was not truly acting as general contractor and that her claim that she was general contractor may *4 well have been a sham. We do not mean to imply that the evidence does support an award of punitive damages. Any such holding would be premature and inappropriate. We merely hold that the foregoing, when added to other facts, created a genuine issue of material fact which required that the matter be submitted to the jury for consideration of the demand for punitive damages.[3]
Affirmed in part and reversed in part, with directions to vacate the order granting summary judgment.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] The proceedings in the trial involved other issues, including immunity from suit because of the limitation provided in the worker's compensation law, contribution, indemnity by Burg claim of the claim against Jupiter Inlet, etc. None of these issues is involved in this appeal, except that some part of the indemnity claim is discussed later.
[2] Some part of the OSHA regulation evidentiary question in this case involves the claim of Jupiter Inlet for indemnification from Burg. The question is the subject matter of another proceeding in this court and the Supreme Court of Florida.
[3] Among other things claimed is that Schlusemeyer had acted as superintendent on a previous job under a similar arrangement with Tarr, and had been guilty of numerous OSHA violations regarding safety.