553 So.2d 1312 (1989)
Leon SMITH, As Father and Next Friend of Rachael Smith and Jeremy Smith, Minors and Leon Smith, Individually; Linda Spiegel, As Mother and Next Friend of Francine Spiegel, a Minor and Linda Spiegel, Individually; Marvin Schwartz, As Father and Next Friend of Allison Schwartz, a Minor and Marvin Schwartz, Individually, Appellants,
v.
Gary CANEVARY, Appellee.
No. 88-2116.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Hoppe, Backmeyer & Nelson, and Terry S. Nelson, Miami, for appellants.
Stansell & Rice and Angel L. Gimenez, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
HUBBART, Judge.
This is an appeal by the plaintiffs from a final judgment entered upon an adverse jury verdict in a negligence action arising from a motor vehicle accident. The sole question presented for review is whether the trial court committed reversible error in instructing the jury, over objection, on the doctrine of unavoidable accident. We hold that reversible error is presented by the giving of this instruction and, accordingly, reverse for a new trial.

I
On December 31, 1985, the annual Orange Bowl Parade was held in downtown Miami, Florida. The defendant Gary Canevary participated in the parade, as a member of the Shriners, by operating a small go-cart. As the parade marched south on Biscayne Boulevard, the defendant's go-cart experienced a sudden acceleration; the defendant attempted to stop the go-cart by depressing the vehicle's brake pedal, but unfortunately the brake cable snapped and the brakes failed. In order to avoid hitting the marching band directly in front of him and the spectators lining both sides of the street, the defendant aimed the go-cart toward a metal pole on one side of the street, *1313 was propelled into a seated crowd of spectators, and struck and injured four minor children[1] who were viewing the parade from reserved seats. The defendant claimed he did not turn off the ignition to the go-cart to avoid the accident because he was otherwise occupied in trying to brake and steer the vehicle at the same time.
After the accident, the defendant inspected the go-cart and discovered that the sudden acceleration had been caused by a broken spring attached to the carburetor. This was the first time in fifteen to twenty years of operating the go-cart in Orange Bowl parades that the defendant had ever experienced this sudden acceleration in the vehicle. The defendant had the go-cart inspected frequently in order to change the oil, grease it, and visually look it over; there was evidence, however, that the defendant did not inspect or perform any maintenance work on the carburetor or brakes just prior to the parade.
The parents[2] of the injured minor children brought a negligence action below, both on behalf of their minor children and on their own behalf, against the defendant Gary Canevary. The plaintiffs claimed that the defendant had negligently maintained, inspected, and operated the subject go-cart and that this negligence was the proximate cause of the plaintiffs' injuries and damages. The defendant denied any negligence and ultimately defended the case on the theory of unavoidable accident. The case was tried before a jury below, at which trial the aforesaid evidence was adduced.
At the close of all the evidence, the trial court gave the standard instructions to the jury on negligence, proximate cause, and damages. At the request of the defendant, however, the trial court also gave a special jury instruction, over plaintiffs' objection, on the doctrine of unavoidable accident:
"Ladies and gentlemen of the jury, an issue for your determination is whether the [p]laintiff[s'] injuries, if any, were caused by an unavoidable accident.
An unavoidable accident is one that happens without the fault of anyone, and without or beyond one's foresight or expectation.
If you find that the accident in this case was an unavoidable accident, then your verdict should be for the [d]efendant."
The jury returned a verdict for the defendant. The plaintiffs appeal, raising as their sole point on appeal the giving of the unavoidable accident instruction.

II
At the outset, we recognize that there are decisions in Florida which have upheld the giving of a jury instruction on unavoidable accident in negligence actions. Thomason v. Miami Transit Co., 100 So.2d 620 (Fla. 1958); Florida Motor Lines v. Casad, 98 Fla. 720, 124 So. 180 (1929); Scott v. Barfield, 202 So.2d 591 (Fla. 4th DCA 1967); Retty v. Troy, 188 So.2d 568 (Fla. 2d DCA 1966), cert. denied, 200 So.2d 814 (Fla. 1967); Hart v. Jackson, 142 So.2d 326 (Fla. 1st DCA 1962); Sirmons v. Pittman, 138 So.2d 765 (Fla. 1st DCA 1962); McCollum v. Florida Power & Light Co., 125 So.2d 754 (Fla. 3d DCA 1961), cert. discharged, 140 So.2d 569 (Fla. 1962). All of these cases, however, were decided prior to the advent of the Florida Standard Jury Instructions in Civil Cases, adopted by the Florida Supreme Court in 1967, which, we think, substantially undermine the authority of these cases.[3]In re Standard Jury Instructions, 198 So.2d 319 (Fla. 1967). *1314 This is so because (1) the Florida Standard Jury Instructions in Civil Cases contain no jury charge on the doctrine of unavoidable accident; and (2) to the contrary, the Supreme Court Committee on Standard Jury Instructions recommends that "no charge be given on the subject of `unavoidable accident,' this being a more appropriate subject for argument by counsel," Fla.Std. Jury Instr. (Civ.) 4.1 comment 2 (1979), which recommendation must ordinarily be followed, absent special circumstances. Fla.R.Civ.P. Form 1.985.
This recommendation is in clear accord with the Supreme Court Committee's general view  with which we entirely agree  that it is unwise as a rule to paraphrase or expand on the otherwise simple definition of "negligence" contained in Florida Standard Jury Instruction (Civil) 4.1.[4] The Committee states:
"[A]fter repeated attempts to define negligence both briefly and comprehensively, the Committee became satisfied that negligence is the failure to use that degree of care which a reasonably careful person would use under like circumstances (4.1). And the Committee became satisfied also that the benefits of elaborating upon, paraphrasing and particularizing the general definition of negligence, by the use of other language found in abundance in appellate court opinions, treatises and texts, are not worth the price paid in lengthening and complicating the charge.
Using Part IV of Florida Standard Jury Instructions, the trial judge will define negligence for the jury as briefly and as generally as accuracy permits, not with a purpose to banish from the case the necessary elaborations, paraphrases and particulars of negligence, but rather to rely on the jury, assisted by the lawyers' arguments, to deduce from the general definition the specific application appropriate to the case.
... .
One of the unfortunate roles assumed by trial judges in the past is that of advocating both sides of the case by reading to the jury a series of argumentative charges favoring one side of the case and then, `on the other hand,' reading another series of equally argumentative charges favoring the other side of the case. It has been the Committee's purpose to omit such argumentative charges and to remove all advocacy from the charge."
Fla.Std. Jury Instr. (Civ.) "The Theory and Technique of Charging a Jury with These Instructions" at xix, xx (1979) (italics omitted).
The Committee's recommendation against the giving of an unavoidable accident charge is, without doubt, entitled to great weight under Florida law. Indeed, Fla.R.Civ.P. Form 1.985 provides that a Committee recommendation against the giving of a special charge, as here, should ordinarily be followed  subject only to the narrow exception that the disapproved special instruction be given only where "[the trial judge] determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury [and] ... state[s] on the record or on a separate order the legal basis of his determination that such instruction is necessary." In accord therewith, we conclude that a special jury instruction on the doctrine of unavoidable accident should not be given in a negligence action, absent extraordinary circumstances, because it is unnecessary, argumentative, and may mislead or confuse the jury as to the legal standard of negligence in Florida.
We are supported in this result by the modern trend of authority in other jurisdictions which is decidedly in favor of abolishing *1315 the unavoidable accident instruction.[5] The first jurisdiction to take this action was California, Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500 (1958), and its reasons for doing so  with which we entirely agree  were generally adopted by other courts which later took the same action.
"In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect. The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury... . Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.
... .
The instruction is not only unnecessary, but it is also confusing. When the jurors are told that `in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate cause. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding."
Id. 320 P.2d at 504-05.
Florida courts have, on occasion, expressed similar views on the propriety of giving the unavoidable accident instruction. See Sirmons v. Pittman, 138 So.2d 765, 774 (Fla. 1st DCA 1962); Elwood v. Peters, 182 So.2d 281, 285-86 (Fla. 1st DCA 1966); compare Retty v. Troy, 188 So.2d 568, 574 (Fla. 2d DCA 1966) (dissent). Indeed, the First District in Davis v. Lewis, 331 So.2d 320 (Fla. 1st DCA 1976), upheld a trial court's refusal to give an unavoidable accident instruction based on the Supreme Court Committee's recommendation against the giving of such an instruction, as discussed above. Today, we conclude, in analogous fashion, that it is reversible error for a trial court to give an unavoidable accident instruction in a negligence action, absent extraordinary circumstances.

III
Turning now to the instant case, we assume for purposes of this appeal that the trial court properly submitted the cause to *1316 the jury on the issues of negligence, proximate cause, and damages  and that a properly instructed jury could find for either the plaintiffs or the defendant. There were conflicting reasonable inferences which could be drawn from this record as to whether the defendant negligently maintained, inspected, or operated the subject go-cart  or whether the defendant was free of any such negligence.
Given this state of the evidence, we think the scales were unfairly tipped in favor of the defendant when the trial court gave, over objection, the unavoidable accident instruction to the jury. Based on the above-stated law, this instruction was not only unnecessary and potentially confusing, it was also argumentative in favor of the defendant and, therefore, presents reversible error. We note that the trial court gave no reasons below as to why it was necessary to give this instruction, and, indeed, we can discern no such reasons from our independent review of this record. The unavoidable accident instruction is simply not appropriate in the ordinary negligence case, and should not have been given in the instant case. Stated differently, we conclude that the subject jury instruction misled the jury and prejudiced the plaintiffs' right to a fair trial  which, under Florida law, requires that we reverse and remand for a new trial. See Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla. 1962); ITT-Nesbitt, Inc. v. Valle's Steak House of Fort Lauderdale, Inc., 395 So.2d 217 (Fla. 4th DCA), rev. dismissed, 408 So.2d 1096 (Fla. 1981); American Nat'l Bank of Jacksonville v. Norris, 368 So.2d 897 (Fla. 1st DCA), cert. denied, 378 So.2d 342 (Fla. 1979).
For the above-stated reasons, the final judgment under review is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.
NOTES
[1] Jeremy Smith, Leon Smith, Francine Spiegel, and Allison Schwartz.
[2] Leon Smith, Linda Spiegel, and Marvin Schwartz.
[3] Scott v. Barfield, 202 So.2d 591 (Fla. 4th DCA 1967), was decided several months after the effective date of the Florida Standard Jury Instructions, but clearly the trial in the case was conducted prior thereto, and, accordingly, the Florida Standard Jury Instructions did not govern the trial of the cause. Indeed, the Fourth District makes no mention of the standard instructions in its opinion.
[4] "Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances."
[5] Alaska Brick Co. v. McCoy, 400 P.2d 454 (Alaska 1965); City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 (1965); Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500 (1958); Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933 (1964); Schaub v. Linehan, 92 Idaho 332, 442 P.2d 742 (1968); Miller v. Alvey, 246 Ind. 560, 207 N.E.2d 633 (1965); Koll v. Manatt's Transp. Co., 253 N.W.2d 265 (Iowa 1977); Wooten v. Legate, 519 S.W.2d 385 (Ky. 1974); Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263 (1967); Dyer v. Herb Prout & Co., 126 N.H. 763, 498 A.2d 715 (1985); Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217 (1964); Hunter v. Johnson, 359 S.E.2d 611 (W. Va. 1987); see also Chambers v. Culver, 289 Ala. 724, 272 So.2d 236 (1973) (not error to give or refuse instruction, but better practice to refuse); Houston v. Adams, 239 Ark. 346, 389 S.W.2d 872 (1965) (instruction should not be given when question is whether one or more parties were guilty of negligence, but in exceptional situations instruction may be permissible); Camaras v. Moran, 100 R.I. 717, 219 A.2d 487 (1966) (use of term "unavoidable accident" to be avoided); Mo. Approved Instr. (MAI) 1.01 (mandatory jury instructions containing a provision that no unavoidable accident instruction be given); Annotation, Instructions on Unavoidable Accident, or the Like, in Motor Vehicle Cases, 65 A.L.R.2d 12 (1959).