PER CURIAM.
This is an appeal by the plaintiffs Ruben and Judy Sierra from a final judgment entered upon an adverse jury verdict in a negligence action arising from a slip-and-fall accident in a supermarket. The plaintiffs contend that they were denied a fair trial because the trial court gave, over objection, an improper defense-requested jury instruction which stated: “Owners of a store owe a duty of maintaining the premises in a reasonably safe condition, but are not required to maintain them in such a condition that accidents could not happen.” We entirely agree and reverse for a new trial.
1. The defense-requested jury instruction was improper because it was argumentative, unnecessary and potentially confusing. It told the jury that the defendant Winn Dixie had no duty to maintain accident-free premises which, by implication, would exonerate it for an unavoidable accident. Although this is a proper argument for the defendant to make to the jury, it is not a proper subject for a jury charge because it tends to endorse an argumentative position of the defendant and is otherwise unnecessary and potentially confusing. The standard jury charge on negligence, which was given in this case, adequately instructed the jury on the applicable standard of care in an objective fashion. Fla.Std.Jury Instr. (Civ.) 4.1. This instruction fully allowed the defendant to argue to the jury, as it did, that it had no duty to maintain accident-free premises or to prevent unavoidable accidents; the defense-requested instruction, however, tended to endorse this defense argument, to the detriment of the plaintiffs, as well as to confuse the jury on the applicable duty of care. Indeed, the comment to the standard jury instruction cited above expressly disapproves a jury charge on unavoidable accident:
“Unavoidable accident. The committee recommends that no charge be given on the subject of ‘unavoidable accident,’ this being a more appropriate subject for argument of counsel.”
Fla.Std.Jury Instr. (Civ.) 4.1 comment 2 (1979). Moreover, we have previously disapproved a comparable jury instruction on the subject of unavoidable accident and have stated that “it is unwise as a rule to paraphrase or expand on the otherwise simple definition of ‘negligence’ contained in Florida Standard Jury Instruction (Civil) 4.1.” Smith v. Canevary, 553 So.2d 1312, 1314 (Fla. 3d DCA 1989).
2. We think this error deprived the plaintiffs of a fair trial under the circumstances of this case, and, accordingly, the error is reversible in nature. We reach this result because: (a) this was a close case on liability; (b) the improper jury instruction *266 tended to endorse the defendant’s basic defense that it had no duty to prevent this allegedly unavoidable accident and was otherwise potentially confusing when read with the standard charge on negligence. Smith, 553 So.2d at 1316.
Given our disposition on the central point raised on appeal, it is unnecessary to reach plaintiffs second point on appeal as it is unlikely to arise on retrial. The final judgment under review is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.