783 So.2d 1215 (2001)
CHEVRON U.S.A., INC., and Chevron Stations, Inc. f/k/a American Personnel Services, Appellants,
v.
Richard FORBES, Appellee.
Nos. 4D99-2931, 4D99-4103.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
*1217 William T. Viergever and Mark W. Klingensmith of Sonneborn, Rutter, Cooney, Klingensmith & Eyler, P.A., West Palm Beach, for appellants.
Lauri Waldman Ross of Lauri Waldman Ross, P.A., Miami, and John T. Kennedy, Stuart, for appellee.
TAYLOR, J.
In this appeal from judgment on a slip and fall verdict against the owners of a gas station, the issue is whether the trial court erred in instructing the jury that a violation of section 526.141, Florida Statutes (1997), is negligence per se.
Appellee, Richard Forbes, sued appellants, Chevron U.S.A., Inc. and Chevron Stations, Inc., f/k/a American Personnel Services ("Chevron") for injuries he received when he slipped and fell in a puddle of gas at a Chevron station in Port St. Lucie. On the day of the incident, appellee pumped gas into his minivan and went inside the station to pay for the gas and purchase cigarettes. As he was returning to his car, his feet "just went up" in front of him and he landed on his back, striking his buttocks, back, and head. During his struggle to stand up, appellee discovered that he had slipped in a puddle of liquid approximately six feet in circumference.
When appellee re-entered the store, the cashier said to appellee, "You fell in that puddle didn't you?" She explained that she was trying to call the station's manager "to clean up the mess."[1] The station manager responded to the cashier's call and took a statement about the incident from appellee. Appellee declined the manager's offer of an ambulance and headed towards his work assignment at St. Mary's Hospital. He was halfway there when he began to feel pain in his head, back, and leg. Upon arriving at the hospital, appellee went to the emergency room for treatment. He was later diagnosed with two herniated discs.
Appellee brought this negligence action against Chevron under a common law theory of premises liability. In his amended complaint, appellee alleged that Chevron knew or should have known of the unsafe gas spill and failed to clean it up or warn him of the spill.
During the jury charge conference, appellee requested the following jury instruction regarding section 526.141:
Florida Statute 526.141, regarding self-service gasoline stations, reads, in pertinent part, as to Subsection 2, "A self-service gasoline station shall be that portion of the property where flammable and combustible liquids used as motor vehicle fuels are stored and subsequently dispensed from fixed approved dispensing equipment into fuel tanks of motor vehicles by persons other than the service station attendant."

*1218 Subsection 3 of that same statute provides, "All self-service gasoline stations shall have at least one attendant on duty while the station is open to the public. The attendant's primary function shall be the proper administration, supervision, observation, and control of the dispensing of flammable and combustible liquids used as motor fuels while such liquids are actually being dispensed. It shall be the responsibility of the attendant to prevent the dispensing of flammable and combustible liquids used as motor fuels into portable containers unless such container bears a seal of approval of a nationally recognized testing agency; to control sources of ignition; and immediately to handle accidental spills and fire extinguishers if needed. The attendant on duty shall be mentally and physically capable of performing the functions and assuming the responsibility prescribed in this subsection. "Violation of this statute is negligence."
If you find that a person alleged could have been negligent violated this statute, such person was negligent. You should then determine whether such negligence was a legal cause of loss, injury, or damage complained of.
(Emphasis added).
Chevron objected to the above instruction, arguing that because appellee did not plead the statutory violation in his complaint, argue the existence of a jury issue based on this statutory violation at the summary judgment hearing, or list it as a trial issue in the pre-trial stipulation, the statutory violation was not an issue in the case. Chevron complained that appellee first raised the issue of a statutory violation at the charging conference, and that his late introduction of this issue into the proceedings deprived Chevron of its ability to defend against allegations of a violation of the unique duty imposed by section 526.141. Chevron further argued that the jury instruction, as worded, incorrectly stated that a violation of section 526.141 is negligence per se. The trial court overruled Chevron's objection and gave appellee's requested instruction to the jury.
The jury found Chevron 80% negligent and appellee 20% negligent. It awarded appellee damages for medical expenses and for past and future pain and suffering. At the hearing on Chevron's motion for a new trial, the trial court again rejected Chevron's argument that the jury instruction incorrectly stated that a section 526.141 violation is negligence per se.
A trial court is accorded broad discretion in the formulation of appropriate jury instructions and its decision should not be reversed unless the error complained of resulted in a miscarriage of justice or the jury instructions were reasonably calculated to confuse or mislead the jury. Johnson v. State, 747 So.2d 436 (Fla. 4th DCA 1999). See also Goldschmidt v. Holman, 571 So.2d 422 (Fla.1990)(decisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent prejudicial error; prejudicial error requiring reversal of judgment or new trial occurs only where error complained of has resulted in miscarriage of justice; miscarriage of justice arises where instructions are reasonably calculated to confuse or mislead the jury).
In deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla.1973), the Florida Supreme Court clarified that not all violations of statutes are negligence per se. It explained that some may be only evidence of negligence. The Third District *1219 Court of Appeal summarized the three categories of statutory violations as follows:
(1) violation of a strict liability statute designed to protect a particular class of persons who are unable to protect themselves, constituting negligence per se; (2) violation of a statute establishing a duty to take precautions to protect a particular class of persons from a particular type of injury, also constituting negligence per se; (3) violation of any other kind of statute, constituting mere prima facie evidence of negligence.
Grand Union Co. v. Rocker, 454 So.2d 14, 15 (Fla. 3d DCA 1984).
The statutory provisions of section 526.141 are designed to protect customers of a self-service gasoline station from spills of flammable fluids.[2] It requires self-service stations to have at least one attendant on duty to supervise and control the dispensing of flammable and combustible fluids. The attendant is responsible for preventing persons from dispensing flammable and combustible motor fuels into unapproved portable containers and for handling accidental spills and fire extinguishers.
Section 526.141 appears to fall within the third category of statutes outlined in deJesus. Its purpose is to protect the general public, as opposed to a particular class of persons. See Rocker, 454 So.2d at 15 (holding that a building code requirement that ramps not exceed a specific slope and that they have either a "non-slip" or "broomed concrete" surface is designed to protect the public in general rather than a particular class of individuals). Thus, under deJesus, a violation of section 526.141 is merely evidence of negligence, rather than negligence per se. As *1220 such, an instruction that a section 526.141 violation is negligence is erroneous. See Schulte v. Gold, 360 So.2d 428 (Fla. 3d DCA 1978)(where plaintiff fell on the front steps of a hotel, instruction that violation of statute requiring public lodging establishments to be properly lighted is negligence per se is reversible error because the statute is of the type designed to protect the public generally); see also Lindsey v. Bill Arflin Bonding Agency, 645 So.2d 565 (Fla. 1st DCA 1994)(a building code requiring handrails for stairs was merely evidence of negligence); Jupiter Inlet Corp. v. Brocard, 546 So.2d 1 (Fla. 4th DCA 1988)(OSHA regulations fall into third deJesus category).
Moreover, appellee did not suffer the type of injury section 526.141 was designed to prevent. A plaintiff in a negligence action is not entitled to a jury instruction regarding a statutory violation unless he demonstrates that he suffered the type of injury the statute was designed to prevent, and that violation of the statute was the proximate cause of his injury. Walker v. Butler, 461 So.2d 249, 250 (Fla. 1st DCA 1984).
The safety requirements of section 526.141 suggest that the type of injury the statute was designed to prevent is injury or damage from fire. The statute requires self-service gas stations to provide an attendant to supervise and control the dispensing of flammable and combustible liquids. Furthermore, the attendant is to control "sources of ignition" and "fire extinguishers." The attendant must be within one hundred feet of the pumps that dispense "flammable and combustible liquids."
It is undisputed that appellee was not injured by fire from the gas spill; he was injured after slipping and falling down on it. There is no language in section 526.141 that suggests a legislative purpose to protect against slip and falls. Absent such intent, appellee cannot sustain a cause of action based on violation of the statute. See e.g., Walker, 461 So.2d at 249 (section 526.141(5), which requires self-serve gas stations to provide service for handicapped individuals, does not contain language remotely suggesting a legislative purpose to protect against embarrassment, and, therefore, handicapped plaintiff that only alleged embarrassment failed to allege a cause of action for violation of the statute). Since appellee did not suffer the type of harm the statute was designed to prevent, he may not rely on violation of the statute to establish negligence. We therefore need not discuss whether violation of the statute was the proximate cause of his injury.
Finally, we cannot say that the negligence per se instruction was harmless in this case. The proper analysis in determining whether an erroneous instruction requires reversal is "whether the jury might reasonably have been misled." Fla. Power & Light Co. v. McCollum, 140 So.2d 569 (Fla.1962); Bohannon v. Thomas, 592 So.2d 1246 (Fla. 4th DCA 1992). See also Butler v. State, 493 So.2d 451, 453 (Fla.1986)(erroneous instruction required reversal because "there exists a reasonable possibility that it contributed to the conviction"); ITT-Nesbitt, Inc. v. Valle's Steak House, etc., 395 So.2d 217, 220 (Fla. 4th DCA 1981) ("[t]he test regarding jury instructions is whether, under the particular facts of the case, the instructions misled the jury or prejudiced a party's right to a fair trial").
During closing argument, counsel for appellee urged the jury to find Chevron negligent *1221 because there was no attendant, apart from the cashier, within 100 feet of the dispensing area to perform the duties required by section 526.141. He stated:
[S]o how were they in compliance with the Florida Statutes? Who was their attendant that day? I submit to you there was no attendant. So when you get to the first question on this verdict form, I would respectfully submit that you should answer this question yes.
Although we do not agree with appellant's position that appellee's failure to specifically plead a violation of section 526.141 precluded the court from giving any jury instructions on the statutory violation, we conclude that the late introduction of this issue into the trial proceedings, coupled with the erroneous instruction and appellee's closing argument, may have prejudiced appellant. Because there is a reasonable possibility that the instruction misled the jury and contributed to its verdict for appellee, we are unable to conclude that it was harmless.
In sum, we find that the trial court committed reversible error by instructing the jury that a violation of the section 526.141 is negligence per se. Accordingly, we reverse the final judgment and remand for a new trial. We also reverse appellee's judgment for attorney's fees in the consolidated case for fees.
REVERSED and REMANDED.
GROSS, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, J., concurring specially.
I agree with the majority that the statute in question was primarily designed to protect consumers from the dangers of flammable fuels. Hence it was error to instruct the jury that the failure to clear the spilled gasoline was itself negligence.
I agree with the majority opinion's statement that the "formulation" of jury instructions is a matter of discretion. I would not agree that whether to give an instruction is a matter of discretion. For example, if this statute could be read to establish a finding of negligence for a slip-and-fall in spilled gasoline that had not been cleared, I do not believe that a trial judge would have any discretion to refuse to give a proper instruction on the subject. The discretion would lie only in the form of the instruction, not in whether the party is entitled to an instruction on the matter. Here the court committed legal error in giving the negligence per se instruction. There is no occasion for us to apply abuse of discretion analysis. On that basis I join in the majority opinion.
NOTES
[1] There were two attendants on duty at the time of this accident: the cashier and the store manager, who was doing paperwork in the back office. The station's maintenance and cleanup employee had not arrived for the day.
[2] Section 526.141 provides in pertinent part:

Self-service gasoline stations; attendants; regulations.
(1) This section authorizes the establishment of self-service gasoline stations.
(2) A "self-service gasoline station" shall be that portion of property where flammable and combustible liquids used as motor fuels are stored and subsequently dispensed from fixed, approved dispensing equipment into the fuel tanks of motor vehicles by persons other than the service station attendant.
(3) All self-service gasoline stations shall have at least one attendant on duty while the station is open to the public. The attendant's primary function shall be the proper administration, supervision, observation, and control of the dispensing of flammable and combustible liquids used as motor fuels while such liquids are actually being dispensed. It shall be the responsibility of the attendant to prevent the dispensing of flammable and combustible liquids used as motor fuels into portable containers unless such container bears a seal of approval of a nationally recognized testing agency; to control sources of ignition; and immediately to handle accidental spills and fire extinguishers if needed. The attendant on duty shall be mentally and physically capable of performing the functions and assuming the responsibility prescribed in this subsection.
(4)(a) The "attendant control area" is that area reserved for the placing of the attendant, which shall not be more than 100 feet from the dispensing area and shall contain the fire-extinguishment equipment and emergency controls.
(b) The "dispensing area" is that area where the pumps used to dispense flammable and combustible liquids used as motor fuels are located. The dispensing area shall at all times be in clear view of the attendant, and the placing or allowing of any obstruction to vision between the dispensing area and the attendant control area shall be prohibited. The attendant shall at all times be able to communicate with persons in the dispensing area. Emergency controls shall be installed at a location acceptable to the authority having jurisdiction, but controls shall not be more than 100 feet from dispensers. Operating instructions and warning signs shall be conspicuously posted in the dispensing area.