# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1965
Lower Tribunal No. 16-25106
_____

**Dev-Land Demolition & Site, Inc., et al.,**
Appellants,

vs.

**Trekker Tractor, LLC,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Gulisano Law, PLLC and Michael Gulisano (Boca Raton), for appellants.

The Barthet Firm, Paul D. Breitner, John C. Hanson, II, and Jessica A. Goldfarb, for appellee.

Before MILLER, GORDO, and LOBREE, JJ.

MILLER, J.

Affirmed. See Helman v. Seaboard Coast Line R. Co., 349 So. 2d 1187, 1189 (Fla. 1977) ("[I]t is not the function of an appellate court to reevaluate the evidence and substitute its judgement for that of the jury. . . . [I]f there is any competent evidence to support a verdict, that verdict must be sustained regardless of the [appellate court's] opinion as to its appropriateness. . . . [T]he question of whether defendant's [liability] was the cause of the injury is generally one for the jury unless reasonable men could not differ in their determination of that question."); see also R.J. Reynolds Tobacco Co. v. Neff, 325 So. 3d 872, 884 (Fla. 4th DCA 2021) ("A trial court is accorded broad discretion in the formulation of appropriate jury instructions and its decision should not be reversed unless the error complained of resulted in a miscarriage of justice or the jury instructions were reasonably calculated to confuse or mislead the jury.") (quoting Chevron U.S.A., Inc. Forbes, 783 So. 2d 1215, 1218 (Fla. 4th DCA 2001)); Morgan v. State, 146 So. 3d 508, 512–13 (Fla. 5th DCA 2014) ("The invited error doctrine provides that fundamental error may be waived where defense counsel affirmatively agrees to an improper jury instruction. The doctrine is founded on the principle that 'a party may not make or invite error at trial and then take advantage of that error on appeal.'") (internal citations omitted) (quoting Sheffield v. Superior Ins. Co., 800 So. 2d 197, 202–03 (Fla. 2001)).